# Richmond.

## FICKLIN'S ADM'R v. RIXEY.

### April 6th, 1893.

1. DOWER—*Lien.*—Wife's right of dower, whether inchoate or consummate, is an existing lien, and a covenant against incumbrances is broken by its existence. This lien is inferior to all which attached prior to the marriage, but superior to those acquired after marriage without her consent.

2. POST-NUPTIAL SETTLEMENTS FOR VALUE.—Such settlements on a wife for value are valid in equity, though void at common law; and relinquishment of her right of dower is a good consideration to the extent of its value as against the husband's creditors.

3. IDEM—*Case at bar.*—In the case here, as the value of the dower relinquished exceeded that of the land settled on the wife, she and her heirs at law after her death were entitled to the land free from all liability for her husband's debts.

Appeal from decree of circuit court of Fauquier county, rendered April 12, 1892, in a suit in equity commenced in the circuit court of Culpeper county and afterwards removed to the first-mentioned court. The suit was brought by the administrator of George Ficklin, deceased, and other judgment creditors of Richard S. Rixey, to subject certain real estate, situate in Culpeper county, to the satisfaction of the complainants' judgments. The circuit court upheld a settlement of a portion of the land sought to be subjected upon the debtor's wife in consideration of her relinquishment of her right of dower, and from that decree the complainants obtained an appeal. Other facts are stated in the opinion.

*James G. Field,* for appellants.

*Rixey & Barbour,* for appellees.

LEWIS, P., delivered the opinion of the court.

In 1868 Richard S. Rixey, being seized in fee of a tract of land containing 815 acres, settled upon his wife 270 acres thereof, in consideration of the relinquishment of her right of dower in the residue of his real estate. At the time of this settlement there were sundry docketed judgments against him, but which had been obtained subsequent to his marriage. The object of the present suit was to subject the whole of the land to the satisfaction of these judgments. In the progress of the cause a commissioner of the court reported that the value of the 270 acres, at the time of the settlement, was $1,417.50, and that the value of the dower relinquished was then $1,535.25. There was no exception to the report in this particular, and the report was confirmed. The only ground of exception was that the judgments were paramount to the deed of settlement, because prior in time—in other words, that the liens of the judgments, which originally attached to the 270 acres, could not be displaced or impaired by the subsequent settlement; and this is the single question we have to determine.

Mrs. Rixey having died, the circuit court decreed, when the cause came on to be finally heard, that her heirs at law are entitled to the 270 acres " free of and discharged from all liability for the debts of Richard S. Rixey."

We are of opinion that there is no error in this decree. The position of the appellants (the judgment creditors) is founded upon a misconception of the real nature of the inchoate right of dower. Notwithstanding the *dictum* of Judge Story to the contrary, in *Powell* v. *Monson Manuf'g Co.*, 3 Mason 347, and some express decisions to the same effect, it is now settled law that such a right is not a mere possibility or contingency, which is to be deemed an incumbrance only when it becomes consummate by the death of the husband,

but that it is an existing lien or incumbrance; and upon this ground it has been often determined that a covenant against incumbrances is broken by the existence of a right of dower, whether inchoate or consummate. *Shearer* v. *Ranger*, 22 Pick. 447; *Bigelow* v. *Hubbard*, 97 Mass. 195; *Porter* v. *Noyes*, 2 Greenl. 22, 11 Am. Dec. 30 (and note); Rawle, Cov. Title (4th ed.) 96, and cases cited.

The lien, of course, is inferior to all liens on the land which attached prior to the marriage, but it is superior to those which are acquired after the marriage without the wife's consent, including judgments. 2 Min. Insts. (4th ed.) 182; Stewart, Husb. & W., sec. 258.

The settlement in question, then, being founded on a consideration paramount to the appellants' judgments, its validity must be determined upon grounds independent of the judgments; and upon this point there is no difficulty.

It is a settled doctrine, repeatedly recognized by this court, that a post-nuptial settlement in favor of a wife, upon a valuable consideration, is good in equity, though void at common law; and the relinquishment of the wife's right of dower is a good consideration for such a settlement as against creditors of the husband, to the extent of the value of the dower. *Harvey* v. *Alexander*, 1 Rand. 219; *Quarles* v. *Lacy*, 4 Munf. 251; *William & Mary College* v. *Powell*, 12 Gratt. 372; *Davis* v. *Davis*, 25 Id. 587; *Yates* v. *Law*, 86 Va. 117; *De Farges* v. *Ryland*, 87 Id. 404. Indeed, as was said in *Davis* v. *Davis*, courts of equity view such settlements liberally in favor of the wife, and will not interfere at the instance of creditors, unless the estimated value of the dower interest relinquished be shown to be excessive.

In the present case it appears from the commissioner's report that the value of the dower exceeded that of the land settled on the wife, and, as there was no exception to the report on that ground in the court below, the finding of the

commissioner is conclusive here. *Simmons* v. *Simmons*, 33 Gratt. 451; *Robinson* v. *Allen*, 85 Va. 721; *Topliff* v. *Topliff*, 145 U. S. 156, 173.

DECREE AFFIRMED.