Statement.

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## KISER v. KISER.

### November 19, 1908.

Absent, Buchanan, J.

1. DIVORCE—*Abusive Language—Desertion—Case in Judgment.*—While the evidence in this cause shows that both husband and wife have indulged in unseemly conduct, and have been quarrelsome and abusive of each other, and that she continues to live at their old home, while he has become a wanderer, without any fixed place of abode, yet neither party has made out a case for divorce, either from the marriage bond, or from bed and board.

2. DIVORCE—*Temporary Alimony—"Suit Money"—Amount.*—In a suit for divorce the uniform practice is to allow a wife who is without means of her own, a reasonable sum to be paid by the husband, for her temporary support, counsel fees, and costs of litigation. Under the circumstances of this case, one hundred and fifty dollars is not an excessive allowance for such purposes.

3. DIVORCE—*Permanent Alimony Without Divorce—Contingent Right of Dower—Case in Judgment.*—Without deciding whether permanent alimony may be granted to a wife where the divorce prayed for is refused, a decree against the husband for $350 for "permanent alimony" and for the value of the wife's contingent right of dower in a tract of land which the husband had sold for $1,680, and which the wife is required to release, will not be disturbed, where the record does not show the value of said contingent right of dower, nor disclose the facts upon which an accurate computation can be made, and where the amount decreed would perhaps not have been excessive if the decree in her favor had been based wholly upon the value of her contingent right of dower.

Appeal from a decree of the Circuit Court of Dickenson county. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Ayers & Smithdeal,* for the appellant.

*S. H. Sutherland, C. Phipps, A. A. Skeen,* and *R. E. Chase,* for the appellee.

KEITH, P., delivered the opinion of the court.

A. J. Kiser filed his bill asking for a divorce from his wife, upon the ground that she had been guilty of adultery, was grossly negligent of her duties as a wife, and insufferably abusive toward him, provoking him beyond measure with her insulting language, and finally culminating in her abandonment of him.

The answer of the wife denies each of these allegations, avers that the defendant had been a faithful wife, had labored to rear her children and to make her home happy and comfortable; that her husband had abandoned and left her without any means of support except her own labor; and she prays that her answer may be treated as a cross-bill, that an allowance sufficient to enable her to carry on her suit be made to her, and that reasonable alimony be granted.

The court made an allowance of $150 to the defendant, for her temporary support, counsel fees, and to pay the costs of the litigation; and subsequently entered a final decree, holding that the plaintiff had failed to prove the allegations of his bill, that neither of the parties was entitled to a divorce, and awarding the defendant a gross sum of $500, inclusive of the $150 theretofore allowed, as permanent alimony. Upon the petition of the husband, A. J. Kiser, an appeal was allowed from this decree.

In support of the charge of adultery, there is no evidence whatever; nor does the evidence on behalf of the appellant prove that he was abandoned by the defendant.

These parties were married in 1872.  Five children have been born to them, of whom four are still alive—all of them over the age of twenty-one years.  Both the husband and the wife seem to have indulged in very unseemly conduct.  They were quarrelsome and abusive.  She, having a quick temper and being more easily aroused, perhaps indulged more frequently in the use of improper language than he did, but he was certainly not free from fault.  Apart from the violent and insulting language which they were in the habit of using to each other, they seem to have gotten along fairly well together.  He appears to have been a good provider for his family, within the limit of his means, while she was provident, careful and industrious.  She continues to live at their old home.  He has become a wanderer, without any fixed place of abode, and it appears that he had abandoned her rather than that she had abandoned him.

Upon the whole case, however, we incline to the view taken by the circuit court, that neither party has made a case for divorce, either from the marriage bond or from bed and board.

We are further of opinion that there is no error in the first decree appealed from, which allowed the sum of $150 as temporary alimony and to enable the wife to employ counsel and to pay the costs of the litigation.  She is an old and infirm woman, no longer capable of labor, and without means of support.  Under such circumstances, the uniform practice is to make such an allowance, and looking to all the circumstances of the case, we do not think it excessive.

The facts as to the amount allowed in the final decree are that the husband sold a tract of land, containing 210 acres, to the Clinchfield Coal Company, at the price of $1,680.  Of this amount, the sum of $420 was paid at the execution of the deed, and the balance was to be paid in three equal instalments of $420 each.  The first two of these deferred payments were due six and twelve months from the date of the deed, and the third or last instalment was not to become due until Annie Kiser,

the wife of A. J. Kiser, should release her dower right, either contingent or actual, in the land conveyed. The Clinchfield Coal Company was made a party defendant; and the final decree provides, that this company shall "pay to the said defendant, Annie Kiser, or her attorneys, the sum of $500, which sum shall be her permanent alimony, and to include the sum of $150 heretofore decreed by this court to the defendant, and that the complainant do pay the defendant her costs in this behalf expended, and that execution may issue. And it is further decreed that the remainder of the fund due by the Clinchfield Coal Company on account of the land purchased by them from said A. J. Kiser, as shown by answer of said company filed herein, after deducting the amount of payment of the $500 to Annie Kiser and the costs of suit, be released from any claim of said Annie Kiser, and that said Clinchfield Coal Company may at any time pay said residue to A. J. Kiser."

It will thus be seen that the payment of $500 to the defendant represented what is called "suit money," temporary alimony, permanent alimony and the estimated value of her contingent right of dower in the land sold by her husband to the Clinchfield Coal Company. This is not an unreasonable allowance to the wife.

It is to be observed that in this case there is no decree for divorce, and we are not free from doubt as to the propriety of allowing alimony at all under such circumstances.

In *Latham* v. *Latham*, 3 Gratt., 338, Judge Staples, touching upon this subject, says: "Alimony is an allowance made to the wife out of the husband's estate or income upon a decree of separation. In England, and in some of the United States, it is a mere incident to the divorce, and is never allowed when the divorce is refused, or even upon an independent bill for separate maintenance. The reason assigned is that it is against the policy of the law to make a separate judicial provision for the wife out of the husband's estate, to be expended apart from him, except in those cases where the separation is sanctioned by

the courts. In Virginia the statutes allow alimony as incident to a decree for a divorce. But this court has gone farther, and held that equity has jurisdiction in an independent suit to decree in favor of the wife in proper cases—as, for example, when she has been abandoned by the husband, or driven from his house by ill treatment, and compelled to seek an asylum elsewhere."

Judge Staples then quotes from *Almond* v. *Almond,* 4 Rand. 662, 15 Am. Dec. 781, where Judge Carr said: "Suppose the husband turns his wife out of doors, or treats her so cruelly that she cannot live with him; suppose him to persevere in refusing to take her back, or to provide a cent to feed and clothe her. Surely, in a civilized country, there must be some tribunal to which she may resort. In such a case a court of equity would unquestionably stretch out its arms to save and protect her." See also *Purcell* v. *Purcell,* 4 Hen. & Munf. 507.

It is to be observed, however, that the cases cited from 4 Rand. and from Henning & Munford, were decided at a time when courts had no jurisdiction to grant divorces, and when divorces could only be obtained by petition to the legislature of the State. The better opinion may be, that since the courts have been authorized to grant divorces, our statute law upon the subject is to be looked to as the sole fountain of jurisdiction over persons and their property with respect to allowance of alimony to be exercised in proceedings for divorce; and if that be true, then the remark of Judge Staples is also true, that those statutes only allow alimony as incident to a decree for divorce.

In this case, however, all the parties interested are before the court. The allowance of $150 as temporary alimony and for suit money would be proper in any aspect of the case, whether a divorce should be subsequently granted or not; while, with respect to the additional sum of $350 awarded by the circuit court, it is plain that one of the considerations moving the court was the wife's contingent right of dower in real estate which

she was required to release as a condition to her enjoyment of the sum decreed in her favor. It does not appear just what the commutation of her inchoate right of dower would have been, nor do facts appear in the record upon which an accurate computation could be made; but, if the decree in her favor had been based wholly upon that consideration as to the $350, it would perhaps not have been excessive.

Upon the whole case, we are of opinion that the decree should be affirmed.

*Affirmed.*