## Staunton

### CLINCHFIELD COAL CO. & OTHERS V. SUTHERLAND.

September 9, 1912.

Absent, Cardwell, J.

1. DOWER—*Contingent Right—Compulsory Conveyance by Wife.*—A married woman who was not a party to a contract made by her husband for the sale of his land, and who refuses to unite with him in a deed to the purchaser, cannot be compelled to do so, nor has a court of equity, at the instance of one of her judgment creditors, the power to compel her to unite in her husband's conveyance, nor to convey her contingent right of dower to the purchaser, through the medium of one of its commissioners.

Appeal from a decree of the Circuit Court of Dickenson county. Decree for the complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Vicars & Peery, W. H. Rouse, E. M. & E. H. Fulton,* for the appellants.

*Sutherland & Sutherland, Chase & Daugherty* and *A. A. Skeen,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This litigation had its origin in a suit for divorce instituted by A. J. Kiser against his wife, Anna Kiser. Pending the trial of that case, the court made an allowance of

of $150 previously allowed as temporary alimony) as per-hearing held that neither party was entitled to a divorce, but awarded a gross sum of $500 (inclusive of the sum of $150 previously allowed as temporary alimony) as per-manent alimony to the defendant.

It appeared that A. J. Kiser had sold his undivided interest, amounting to 210 acres, in a certain tract of land to the Clinchfield Coal Company for $1,680, $420 of which was paid on the execution of the deed, and the residue of the purchase money was to be paid in three credit install-ments of $420 each. With respect to this transaction, the court decreed as follows: "And it further appearing to the court that the complainant has sold the farm upon which they have lived, and the defendant has refused to sign said deed of conveyance, and that complainant has refused to provide for defendant, but has squandered a part of the money, the court doth adjudge, order and decree that upon the defendant executing a deed releasing her contingent right of dower to the farm which has been sold to the Clinchfield Coal Company, the said company do pay to the said defendant, Anna Kiser * * * the sum of $500, which sum shall be her permanent alimony, and is to include the sum of $150, heretofore decreed by this court to the defendant."

From this decree A. J. Kiser appealed, and the decree was affirmed. *Kiser* v. *Kiser,* 108 Va. 730, 62 S. E. 936.

S. H. Sutherland, the appellee, became the owner, by assignment, of the fees of counsel for Anna Kiser in the divorce suit, amounting to $350, and having reduced the same to judgment, instituted this suit against A. J. Kiser, Anna Kiser and the Clinchfield Coal Company to collect the same. The bill, after setting out the foregoing facts and others not material to be stated, prays: "That a com-missioner be appointed to execute a deed conveying the contingent right of dower of the said Anna Kiser in said

tract of land conveyed by her husband to the Clinchfield Coal Company, in case she refuses to execute the same, and that upon the execution of said deed said Clinchfield Coal Company be required to pay your orator the amount of his judgment against said Anna Kiser and the costs of this suit." There was a further prayer that the divorce suit be reinstated and reopened, and that the bill be treated as a petition therein.

On final hearing the circuit court entered the decree under review, directing that Anna Kiser should, within thirty days convey all her interest in the land sold by her husband, either actual or contingent, to the Clinchfield Coal Company, and if she should fail to execute and deliver such deed within the time prescribed, a special commissioner was appointed to make the conveyance. The decree, moreover, provided that, upon the execution of the conveyance, either by Anna Kiser or the commissioner, the Clinchfield Coal Company should pay to S. H. Sutherland the amount of his judgment, to go as a credit on the $500 decreed against the company.

It is apparent that this suit and the decree complained of are founded upon a misconception of the contractual relations of the parties with respect to the sale of the land from A. J. Kiser to the Clinchfield Coal Company, as well as of the force and effect of the decree for alimony in the divorce suit. Anna Kiser was not a party to either the contract for the sale of her husband's land to the Clinchfield Coal Company or to the deed executed by him in consummation thereof; hence, her dower rights in the land were in no wise affected by that transaction. The deed, it is true, contains a stipulation that the last installment of purchase money should fall due twenty-four months from the date of the deed, "or so soon thereafter as the dower right, contingent or actual, of Anna Kiser  *  *  * is released." But not being a party to the instrument,

the wife was not bound by the stipulation, and it affirmatively appears that she has steadfastly refused to consent to it.  So also with regard to the decree in the divorce suit. The court did not undertake the impossible task of requiring the wife to specifically execute a contract of sale, to which she was not a party.  To the contrary, the decree in terms recites that the sale was made by the husband, and that the wife "has refused to sign said deed of conveyance, and that complainant has refused to provide for defendant."  Predicated upon that state of facts, the decree proceeds to declare that upon Anna Kiser executing a deed releasing her contingent right of dower, the Clinchfield Coal Company shall pay to her the sum of $500 for permanent alimony, thus leaving it optional with the wife to accept or reject permanent alimony on the terms prescribed, and the record shows that she has always refused to release her dower rights and accept the provisional allowance made for her in lieu thereof.

In these circumstances the court exceeded its powers in attempting to compel the appellant, at the suit of a judgment creditor, to accept for his benefit the terms of a sale of her property which she never made, and to which she never assented.  Such a suit cannot be maintained.

For these reasons the decree must be reversed and the bill dismissed.  But this dismissal is without prejudice to the right of the appellee to resort to any remedy to which he may be entitled for the collection of his judgment against Anna Kiser, or to any right that A. J. Kiser may have against the Clinchfield Coal Company with respect to unpaid installments of purchase money on the land sold by him to that company.

*Reversed.*