KELLY v. MINOR (two cases).

In re KELLY.

(Circuit Court of Appeals, Fourth Circuit. April 2, 1918.)

Nos. 1579, 1580.

1. DOWER ⚌38—POWER OF HUSBAND.
 Wife's interest in husband's land situated in Virginia is a valuable property right, which belongs to wife exclusively, and of which she cannot be deprived by any act of her husband.

2. BANKRUPTCY ⚌262(1) — WIFE'S DOWER — RELINQUISHMENT WITHOUT WIFE'S CONSENT.
 In view of Bankruptcy Act, § 47, as amended in 1910 (Comp. St. 1916, § 9631), defining trustee's rights, remedies, and powers as to property in the custody of, and also property not in custody of, bankruptcy court, trustee cannot require relinquishment of wife's dower in the real estate of the bankrupt husband.

3. DOWER ⚌29—NATURE OF.
 Dower, though called an incumbrance, cannot be otherwise than a contingent estate or interest, being contingent in that it may be extinguished by wife's death before husband, and in that its amount is uncertain and variable, depending on value of property at husband's death.

 [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dower.]

4. JUDGMENT ⚌752—LIEN—CHANGE IN VALUE OF PROPERTY.
 A judgment lien is for a definite amount, and is not dependent upon any contingency, or affected by changes in the value of the property to which it attaches.

5. MORTGAGES ⚌145—MORTGAGE LIEN—CHANGE IN VALUE OF MORTGAGED PROPERTY.
 A mortgage lien is for a definite amount, not dependent upon any contingency or affected by changes in value of the mortgaged property.

6. BANKRUPTCY ⚌258—PROPERTY SUBJECT TO TRANSFER—MORTGAGED PROPERTY.
 Bankrupt's property subject to mortgage lien may be sold by trustee, especially if debt be payable; the mortgagee having no right or claim, except to get the money which is due him.

7. BANKRUPTCY ⚌258—PROPERTY SUBJECT TO TRANSFER—JUDGMENT LIEN.
 Bankrupt's property, incumbered by judgment lien, may be sold by trustee; the judgment creditor having no right or claim, except to get the money due him.

8. BANKRUPTCY ⚌440—APPEAL—ORDER OF SALE OF HUSBAND'S REAL ESTATE FREE OF DOWER—SUPERINTENDENCE AND REVISION.
 Appeal cannot be taken from order of sale of bankrupt's real estate freed and discharged of wife's right of dower; such order being reviewable only by petition to superintend and revise.

Petition to Superintend and Revise in Matter of Law Proceedings of, and Appeal from, the District Court of the United States for the Eastern District of Virginia, at Richmond, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of the bankruptcy of Phil G. Kelly. Petition to superintend and revise, and appeal from an order, by Willamena A. Kelly. Appeal dismissed, and order reversed.

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James W. Gordon, of Richmond, Va. (Smith & Gordon, of Richmond, Va., on the brief), for petitioner and appellant.

A. B. Dickinson, of Richmond, Va., for respondent and appellee.

Before PRITCHARD and KNAPP, Circuit Judges, and McDOWELL, District Judge.

KNAPP, Circuit Judge. The court below, against the protest of the bankrupt's wife, made an order for the sale of his real estate freed and discharged of her inchoate right of dower, with a provision in substance that she should be paid from the proceeds such compensation as the court might thereafter determine to be just. By petition to superintend and revise, and also by appeal, she asserts the invalidity of the order.

[1, 2] The real estate in question is situated in Virginia, and the courts of that state appear to hold that the interest of a wife in the lands of her husband is in the nature of a lien or incumbrance. Strayer v. Lang, 86 Va. 557, 10 S. E. 574; Ficklin v. Rixey, 89 Va. 832, 17 S. E. 325, 37 Am. St. Rep. 891. That interest, however, is a valuable property right, which belongs to the wife exclusively, and of which she cannot be deprived by any act of her husband. 2 Minor's Inst. (4th Ed.) 182; Lewis v. Apperson, 103 Va. 624, 49 S. E. 978, 68 L. R. A. 867, 106 Am. St. Rep. 903. In the latter case it was said that nothing short of the statutory requirements for that purpose will deprive a widow of her right of dower in the lands of her husband of which he was seized and possessed during coverture. And in Clinchfield Coal Co. v. Sutherland, 114 Va. 20, 75 S. E. 765, where the wife refused to join in a conveyance which the husband had made, it was held in effect, as we read the case, that a judgment creditor of the wife could not maintain a suit in equity to compel a sale of her inchoate right of dower for the satisfaction of his debt. This would seem virtually decisive of the case in hand, since the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557) provides, in section 47, as amended in 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [Comp. St. 1916, § 9631]), that "the rights, remedies and powers" of a trustee shall be, as to property in the custody of the bankruptcy court, those "of a creditor holding a lien by legal or equitable proceedings," and, as to property not in custody, those "of a judgment creditor holding an execution duly returned unsatisfied." If, then, a judgment creditor of the wife cannot force a sale of her dower right, it must be held that the trustee in bankruptcy of her husband cannot require its relinquishment.

[3-7] It is contended for the trustee that the order under review does not involve the sale of any property belonging to the wife, but only the sale of the bankrupt's property freed from the lien of her inchoate dower. The argument is not convincing. The essential nature of dower is not changed by calling it an incumbrance, for the reason that it cannot be otherwise than a contingent estate or interest in the lands of the husband. An ordinary lien, such as a judgment, mortgage, or deed of trust, is for a definite amount, not dependent upon any contingency, and not affected by changes in the value of the property to which it attaches. Consequently the real estate of a bankrupt sub-

ject to such a lien may properly be sold free and clear, especially if the debt be payable, since the holder of the lien has no right or claim, except to get the money which is due him. But the lien of inchoate dower is of an altogether different character. It is not only contingent, in that it may be extinguished by the death of the wife before her husband, but its amount is uncertain and variable, if she survives, because it depends, not on the value of the property when the husband becomes bankrupt, but on its value at the time of his death. This being so, we are of opinion that the instant case is not taken out of the general rule by the circumstance that the Virginia courts have for certain purposes defined dower as a lien or incumbrance, rather than a contingent estate, for its intrinsic nature must be the same there as elsewhere. And the general rule undoubtedly is that a bankrupt's real estate cannot be sold freed and discharged from the inchoate dower of his wife without her consent. In re McKenzie, 142 Fed. 383, 73 C. C. A. 483; Thomas v. Woods, 173 Fed. 585, 97 C. C. A. 535, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080; Porter v. Lazear, 109 U. S. 84, 3 Sup. Ct. 58, 27 L. Ed. 865. In the last-named case the Supreme Court said:

"But, under the provisions of the Bankruptcy Act, all that passes to the assignee by the assignment in bankruptcy, or that can be sold by direction of the court, is property or rights of the bankrupt, or property conveyed by the bankrupt in fraud of creditors."

As we see it, the order in question directs the sale of property belonging to the wife, against her protest, and for a price which she is unwilling to accept; and this in our judgment is without warrant of law.

[8] We are of opinion, without discussing the point, that the order is reviewable only by petition to superintend and revise, and upon that petition it must be reversed. The appeal was improperly taken, and will be dismissed.

Reversed.