# Richmond.

## J. F. PAUL ESCHNER v. MARIE E. L. ESCHNER.

### February 25, 1926.

1. CONTRACTS—*Entire or Severable.*—Primarily the question of whether a contract is entire or severable is one of intention, which intention is to be determined from the language which the parties have used and the subject matter of the agreement. A contract may both in its nature and its terms be severable and yet rendered entire by the intention of the parties.

2. CONTRACTS—*Entire or Severable.*—The divisibility of the subject matter of the contract will not determine the entire or severable character of the contract, although it may often assist in determining the intention of the parties.

3. CONTRACTS—*Entire or Severable—Contract of Husband and Wife in Contemplation of Divorce—Case at Bar.*—The instant case was a suit to enforce the provisions of a contract entered into between the parties, who were then husband and wife, for the settlement of property rights. A divorce suit instituted by the husband was pending at the time. First, the husband agreed to assign to his wife a certain fund. Second, to execute and deliver to his wife his promissory note of $4,000. Third, to pay to his wife "an annuity" of $1,800 a year, payable in quarterly installments in advance, "in lieu of alimony." In the last paragraph of the agreement the wife agreed to relinquish all her rights, interest and claim, including dower interest, in her husband's property.

   *Held:* That the contract with respect to the consideration for the several promises made therein by the husband was entire and not severable.

4. CONTRACTS—*Husband and Wife—Contract for Post-Nuptial Settlement—Relinquishment of Wife's Rights—Case at Bar.*—In the instant case husband and wife, in contemplation of a pending divorce suit instituted by the husband, entered into a settlement under which the wife was to receive a promissory note of the husband, the assignment of certain funds belonging to the husband and also an annuity "in lieu of alimony." The wife on her part relinquished all her rights, "including dower interest," in her husband's property.

   *Held:* That the relinquishment of her rights by the wife constituted the only consideration for the husband's undertakings and that the

14

fact that the annuity was referred to as being in lieu of alimony did not alter the character of the obligation.

5. MARRIAGE SETTLEMENTS—*Post-Nuptial Settlements—Consideration—Relinquishment of Dower.*—It is well settled in Virginia that the relinquishment by the wife of her inchoate right of dower in the husband's real estate constitutes a valuable consideration for a postnuptial settlement in favor of the wife.

6. MARRIAGE SETTLEMENTS—*Post-Nuptial Settlements—Consideration—Relinquishment of Dower.*—In the instant case, a suit for a divorce had been instituted by a husband against his wife. The husband and wife entered into an agreement for the settlement of property rights preferring such settlement rather than to leave the question of property rights to be adjusted by the court in the divorce proceedings. Under this settlement the wife agreed to relinquish her dower right and the husband agreed to pay her an annuity. The husband obtained his divorce but the divorce decree contained no provision for the extinguishment of the wife's dower right.

*Held:* That the relinquishment by the wife of her dower right was a valuable consideration for the husband's promise to pay the annuity.

7. ALIMONY—*Payment of a Certain Sum in Lieu of Alimony—Case at Bar.*—A contract to pay a certain sum of money in lieu of alimony is not a contract to pay alimony. In the instant case the husband did not agree to pay his wife an annuity as alimony, but to pay the same in lieu thereof, and the agreement, having been based upon a valuable consideration, is valid.

8. ANNUITIES—*Post-Nuptial Settlement—Lien on Promisor's Property.*—In the instant case, in a post-nuptial settlement, a husband in contemplation of divorce agreed to pay his wife an annuity in lieu of dower.

*Held:* That the annuity did not constitute a lien or charge upon the husband's property until reduced to judgment in a proper proceeding as any other outstanding obligation for the payment of money.

9. ANNUITIES—*Definition.*—An annuity, in its strict sense, is a yearly payment of a certain sum of money, granted to another in fee, or for life, or for years, and chargeable only on the person of the grantor.

10. APPEAL AND ERROR—*Point not Raised Below—Annuity in Lieu of Dower—Modification of the Contract—Case at Bar.*—In the instant case a husband, in contemplation of divorce, entered into an agreement with his wife for a valuable consideration to pay her an annuity. It was urged on appeal that owing to his reduced financial circumstances and his obligations to his present wife and children it was impossible for the husband to comply with his agreement to pay the annuity.

*Held:* That conceding that a court of equity had power to modify the contract under the circumstances—a question which the appellate court did not undertake to decide—no such application was made to the court below and it therefore could not be considered by the appellate court.

Appeal from a decree of the Circuit Court of Arlington county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Frank L. Ball*, for the appellant.

*Carlin, Carlin & Hall*, for the appellee.

CHINN, J., delivered the opinion of the court.

This is a suit in equity brought by the appellee, Marie E. L. Eschner, against the appellant, J. F. Paul Eschner,, to enforce the provisions of a contract entered into between the parties, who were then husband and wife, for the settlement of property rights. The contract in question, which is in writing and bears date as of February 24, 1920, first recites that a divorce proceeding instituted by the husband was at the time pending, and the parties desired to make a property settlement "in lieu of a court settlement and in lieu of alimony." By its terms the husband then agreed, in substance, as follows: *First*, to assign to his said wife a certain fund of 150,000 German marks then in the hands, for investment, of one Anna Lindemuth, of Lunzenau, Germany. *Second*, in event said fund should be lost in whole or in part, through bad investment or through the collapse of the German government, on or before July 1, 1925, to substitute therefor the sum of $6,000.00, or so much thereof as might be necessary to replace said fund. *Third*, to execute and deliver to his said wife his promissory note for the sum of $4,000.00, payable on or before July 1, 1925, without interest, and, in order to secure the

payment of said note, to assign and deliver to his wife a certain endowment policy in the Metropolitan Life Insurance Company; and to deposit with the Munsey Trust Company, of Washington, D. C., the sum of $834.00 to be applied in payment of the annual premiums on said policy as they should become due during the period of the next succeeding five years. *Fourth*, to pay the said wife "an annuity" of $1,800.00 a year, payable in quarterly installments in advance, "in lieu of alimony," said payments to be made by depositing the sum of $450.00 to the credit of the wife, with the Munsey Trust Company, on July 1, 1920, and each three months thereafter until the remarriage of the wife, or the death of either party.

The *fifth* paragraph of the agreement provides for the collection by the wife of the life insurance policy in event of the death of the husband on or before July 1, 1925, and the application of the proceeds to the payment of the $4,000.00 note, and such deficiency in the fund of 150,000 marks as may have been caused through bad investment or the collapse of the German government. By the *sixth* and last paragraph, the wife agreed to relinquish all her rights, interest and claim, "including dower interest," in all the real and personal property which the husband then owned or might thereafter acquire.

The pleadings in the case raise several questions of law and of fact, and several assignments of error are presented in the petition for appeal, but, as counsel for the appellant has expressly waived all of said assignments save one, it can serve no purpose to state the pleadings and facts contained in the record except insofar as the same seem to be pertinent to the question we are called upon to decide.

It appears from the pleadings and the proofs that

three days after the above contract was executed the appellant was granted a divorce from the bonds of matrimony from appellee on the ground of wilful desertion, and afterwards remarried; that at the time of the agreement appellant owned property worth $35,000.00 or $40,000.00, and had an income exceeding $10,000.00 a year, but at the time of the institution of this suit, on account of business reverses, the only property he owned was the house he occupied, worth about $15,000.00, subject to a mortgage of $12,000.00, and his income had been reduced to $3,000.00, derived from a salary. It also appears that when this suit was instituted appellant had not made any payment on account of the annuity provided for by the *fourth* paragraph of said contract since the 1st day of October, 1921, and upon the hearing of the cause on the 16th day of June, 1924, the court entered a decree requiring appellant to pay to the appellee the sum of $4,500.00; same being the total amount of said annuity at that date in arrears and unpaid.

It is contended by appellant's counsel that there is no consideration for the agreement on the part of appellant to pay to appellee the annuity stipulated in the *fourth* paragraph of the contract, and the same is, for that reason, invalid and unenforceable; and this is the single question presented for the consideration of this court.

The substance of the argument in support of this contention is, as we understand it, that the contract is severable and not entire with respect to the consideration, in that the only consideration for the promise to pay the annuity stipulated in the *fourth* paragraph is that it was in lieu of alimony, whereas the appellee was neither entitled to nor allowed alimony by the court.

[1] "Primarily the question of whether a contract is entire or severable is one of intention, which intention is to be determined from the language which the parties have used and the subject matter of the agreement. A contract may, both in its nature and its terms, be severable and yet rendered entire by the intention of the parties." 13 Corpus Juris, page 562, and case cited.

[2] "The divisibility of the subject matter of the contract will not determine the entire or severable character of the contract, although it may often assist in determining the intention of the parties." *Idem.* page 563.

"To arrive at this intention, regard is to be had to the situation of the parties, the subject matter of the agreement, the object which the parties had in view at the time and intended to accomplish." *Young* v. *Ellis,* 91 Va. 301, 21 S. E. 482; *McGuire* v. *Brown,* 114 Va. 235, 76 S. E. 295.

In *Atlantic, Etc. R. Co.* v. *Delaware Construction Co.,* 98 Va. 503, 37 S. E. 13, Judge Riely said:

"No precise or invariable rule can be laid down by which it may be determined whether the contract is entire or severable, for it is a question of construction as to the intention of the parties to be discovered in each case from the language employed and the subject matter of the contract."

[3] Viewing this question in the light of the above well established rules of construction, we can reach no other conclusion than that the contract in question, with respect to the consideration for the several promises made therein by the appellant, is entire and not severable.

[4] It manifestly appears from the terms of the agreement itself that it was the purpose of the parties

that Mrs. Eschner should not only receive the German marks and $4,000.00 promissory note, but also an adequate maintenance until she should remarry, or either of the parties should die.   Whether these provisions were reasonable or unreasonable, considering appellant's financial circumstances at that time, he was free to decide and agree to them or not as he pleased, and it is expressly declared by the contract that he preferred to make that settlement rather than leave the adjustment of property rights to the court in the divorce proceedings.   The fact that the annuity is referred to as being in lieu of alimony does not alter the character of the obligation, and if appellee was not entitled to alimony, as counsel contends, it could not have been considered by the parties as the consideration for the payment of the annuity.   It is clear from the instrument itself, the purpose it was intended to accomplish and the surrounding circumstances, that the agreement on the part of Mrs. Eschner to relinquish all her rights in appellant's property then or thereafter acquired constituted the only consideration, within the contemplation of the parties, for the appellant's undertakings, and was intended by them to apply to the contract as a whole.

[5] It is well settled in Virginia that the relinquishment by the wife of her inchoate right of dower in the husband's real estate, constitutes a valuable consideration for a post-nuptial settlement in favor of the wife. *William & Mary College* v. *Powell*, 12 Gratt. (53 Va.) 372; *Davis* v. *Davis*, 25 Gratt. (66 Va.) 587; *Ficklin* v. *Rixey*, 89 Va. 832, 17 S. E. 325, 37 Am. St. Rep. 891.

[6] There was no provision in the divorce decree exhibited in this case for the extinguishment of Mrs. Eschner's dower rights in appellant's property, so there can be no question that a valuable consideration

existed for the appellant's obligation under the agreement.

[7, 8] Furthermore, contracts of this kind have been uniformly upheld in Virginia, whenever brought into question, it having been held in the cases of *Newman* v. *McComb*, 112 Va. 408, 71 S. E. 624, and *Moore* v. *Crutchfield*, 136 Va. 24, 116 S. E. 482, that a contract to pay a certain sum of money *in lieu* of alimony is not a contract to pay alimony. In this case the appellant did not agree to pay his wife the annuity as alimony, but to pay the same in lieu thereof, and the said agreement having been based upon a valuable consideration, it is valid. The annuity agreed to be paid under this contract does not constitute a lien or charge upon appellant's property until reduced to judgment in a proper proceeding as any other outstanding obligation for the payment of money.

[9] "An annuity, in its strict sense, is a yearly payment of a certain sum of money, granted to another in fee, or for life, or for years, and chargeable only on the person of the grantor." *Dulaney* v. *Dulaney*, 105 Va. 429, 54 S. E. 40.

[10] It is strongly argued that, owing to appellant's reduced financial circumstances and his obligations to his present wife and children, it is now impossible for him to comply with his agreement to pay his former wife an annuity of $1,800.00 a year, and the decree which has been entered against him, together with his future liabilities under the contract, will so cripple his credit and business opportunities that he will be unable to extricate himself from his present predicament, and thereby put himself in a position to meet his obligations under the contract. All of this may be, and apparently is, true, but it does not furnish ground for the cancellation of the contract as asked for.

Conceding that courts of equity have power to modify the contract under the circumstances—a question which we do not undertake to decide—no such application was made to the court below and it therefore cannot be considered by this court.

The decree of the lower court must be affirmed.

*Affirmed.*