COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

DONALD LOUIS DAVIDSON

v.    Record No. 0662-95-3                    MEMORANDUM OPINION[*]
                                                   PER CURIAM
KATHY L. NORMILE DAVIDSON                     SEPTEMBER 26, 1995

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Kenneth E. Trabue, Judge Designate

(Sam Garrison; Richard Lee Lawrence &
Associates, on briefs), for appellant.

(Ellen S. Weinman, on brief), for appellee.


Donald Louis Davidson (husband) appeals the decision of the circuit court. Husband argues the circuit court erred when it ruled an agreement signed by husband and Kathy L. Normile Davidson (wife) was an enforceable property settlement agreement. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Evidence in this matter was heard by the trial court ore tenus. "Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court." Id.

The trial court ruled that the agreement was unambiguous and enforceable. We agree. "The fact that the parties attribute to the same terms variant meanings does not necessarily imply the existence of ambiguity where there otherwise is none." Smith v. Smith, 3 Va. App. 510, 513-14, 351 S.E.2d 593, 595 (1986). "Where there is no ambiguity in the terms of a contract, we must construe it as written, and we are not at liberty to search for the meaning of the provisions beyond the pertinent instrument itself." Id. at 514, 351 S.E.2d at 596.

The terms of a property settlement agreement are presumed to be independent and, absent evidence to the contrary, will be construed as such. See Eschner v. Eschner, 146 Va. 417, 422-23, 131 S.E. 800, 802 (1926); Gloth v. Gloth, 154 Va. 511, 549, 153 S.E. 879, 891 (1930); Lindley and Parley, Lindley on Separation Agreements and Anti-Nuptial Agreements, Vol. 2 § 25.02 at 25-7 to 25-8. A reading of the agreement in this case, confined to its four corners, fails to support the husband's contention that it is void under Kelley v. Kelley, 248 Va. 295, 449 S.E.2d 55 (1994). Unlike the agreement in question in Kelley, the parties here did not attempt to limit the court's "continuing jurisdiction to change or modify its decree relating to the maintenance and support of minor children." Id. at 298, 449

2

S.E.2d at 56.

Moreover, the parties have acted in accordance with the agreement since it was signed in 1991, and husband admitted that he had received benefits under its terms. "[T]he interpretation placed upon an agreement by the parties themselves is entitled to the greatest weight." Id. at 518, 351 S.E.2d at 598.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

3