# CIRCUIT COURT OF FAIRFAX COUNTY

ManTech International Corp.

v.

Analex Corp.
and Barry Greenberg

July 18, 2008

Case No. CL-2008-5845

BY JUDGE BRUCE D. WHITE

This matter came before the Court on July 11, 2008, on Defendant's Demurrer to Plaintiff's Verified Complaint. The primary issue before the Court is whether the Non-Competition and Non-Solicitation clauses are unenforceable as a matter of law. At the conclusion of the hearing, the matter was taken under advisement. For the reasons set forth below, Defendant's Demurrer is sustained with respect to all Counts. Leave to amend Counts II, III, and IV is granted.

*Background*

Plaintiff ManTech International Corporation ("ManTech") held a contract to provide NASA's Goddard Space Flight Center ("GSFC") with Environmental Test and Integration Support Services ("Old ETISS Contract"). In August of 1997, ManTech hired Defendant Mr. Barry Greenberg and Mr. Greenberg came to hold a key management position with respect to ManTech's Old ETISS Contract. (Compl. at 3.)

Upon employment, Mr. Greenberg signed a "Confidentiality, Inventions, and Non-Solicitation Agreement" ("Agreement"). (Compl. at 6.) The Agreement contained Non-Competition and Non-Solicitation clauses which read as follows:

*Non-competition*: While employed at ManTech, the employee shall not engage in any outside business activity that is competitive with Man Tech's position in any business or industry. An activity, business, or enterprise shall be considered competitive if it involves predominately similar types of products and/or services and is directed at predominately similar customers to those of ManTech.

*Non-solicitation*: During the period of employment and for a period of six months thereafter, the Employee shall not directly or indirectly solicit or induce any employees of ManTech to leave the employ of ManTech.

(Compl. at 7.)

On November 14, 2006, NASA requested proposals for the New Environmental Test and Integration Services Contract ("New ETIS Contract"). (Compl. at 5.) ManTech, Defendant Analex Corporation ("Analex"), and a third company submitted proposals. (Compl. at 5.) At some point thereafter, Analex was awarded the New ETIS Contract. (Compl. at 8.)

On April 21, 2008, Mr. Greenberg submitted his resignation to ManTech and immediately began to work for Analex as the Project Manager of the New ETIS Contract. (Compl. at 3.) ManTech alleges that Analex actively recruited Mr. Greenberg well before Mr. Greenberg resigned from ManTech. (Compl. at 4.) ManTech also alleges that prior to his resignation, Mr. Greenberg told numerous ManTech coworkers that he would arrange jobs for them at Analex. (Compl. at 3.) In short, ManTech alleges that Mr. Greenberg and Analex are conducting a campaign to solicit ManTech employees who administered the Old ETISS Contract to work for Analex in similar capacities. (Compl. at 4.)

ManTech filed a four count action seeking damages and injunctive relief: (1) Breach of Contract against Mr. Greenberg for violation of the Agreement; (2) Breach of Fiduciary Duty against Mr. Greenberg; (3) Tortious Interference with Contract against Analex; and (4) Conspiracy to Interfere with Business Relationships against Mr. Greenberg and Analex. (Compl. at 10-14.)

Defendants Mr. Greenberg and Analex demurred asserting that all four Counts fail to state a cause of action because both the Non-Compete and Non-Solicit clauses are unenforceable as a matter of law.

*Analysis*

In reviewing a demurrer, this court may not evaluate or decide the merits of the claim; rather the proper inquiry for the court is whether the bill states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181 (1993). For the purposes of a demurrer, all material facts properly pleaded are admitted as true. *CaterCorp, Inc. v. Catering Concepts Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993).

Restrictive covenants are disfavored restraints on trade. *Omniplex World Servs. Corp. v. United States Investigations Servs., Inc.*, 270 Va. 246, 249, 618 S.E.2d 340 (2005). Therefore, a non-competition agreement between an employer and an employee will only be enforced if the contract: (1) is narrowly drawn to protect the employer's legitimate business interest; (2) is not unduly burdensome on the employee's ability to earn a living; and 3) is not against public policy. *Id.*; see also *Modern Env'ts, Inc. v. Stinnett*, 263 Va. 491, 493, 561 S.E.2d 694 (2002). This three-part test used in determining the enforceability of a restrictive covenant applies to both non-compete and non-solicit clauses. See *Omniplex* (applying the test to a covenant not to compete); see also *Foti v. Cook*, 220 Va. 800, 805, 263 S.E.2d 430 (1980) (applying the same test as articulated in *Welcome Wagon, Inc. v. Morris*, 224 F.2d 693, 698 (4th Cir. 1955) to a non-solicitation clause). Whether the restrictive covenant is enforceable is a question of law. *Omniplex*, 270 Va. at 249. Each non-compete agreement must be evaluated on its own merits, balancing the provisions of the contract with the circumstances of the businesses and employees involved. *Id.* at 249.

Here, because ManTech referenced the Non-Compete and Non-Solicit clauses in its Complaint and incorporated the Agreement as an exhibit, this Court can properly consider the validity of the clauses on their faces to determine if they are unenforceable per se. See *Mutual Funding, Inc. v. Collins*, 62 Va. Cir. 34, 36 (2003) (considering on demurrer whether a restrictive covenant was unenforceable per se when the covenant was incorporated into the Complaint).

## A. *The Non-Competition Clause*

Defendants contend that the Non-Competition clause is unenforceable as a matter of law for two reasons. First, the lack of a geographic restriction renders the clause facially overbroad. Second, because it restricts defendant from engaging in "predominately similar" businesses directed at "predominately similar customers," it is not narrowly tailored to direct competition.

The Court finds that the Non-Competition clause at issue here is overbroad and unenforceable. While the lack of a geographic limitation is not in itself fatal, the restrictive clause in this case contains no limitations, geographic or otherwise.

The absence of a geographic limitation coupled with the vague restriction on any "predominately similar" business, however, is fatal to the enforceability of the Non-Competition clause. It is unnecessary to "determine the exact reach of the covenant in order to conclude that it is overbroad. The fact that it is so difficult to determine and may so easily exceed in effect the permissible reach renders the covenant overbroad." *Power Distrib., Inc. v. Emergency Power Eng'g*, 569 F. Supp. 54, 58 (E.D. Va. 1983) (applying Virginia law). The phrase "predominately similar" is ambiguous and vague. As a result, the clause reaches not only direct competition but also businesses merely in the same field which are not competitors. See *Omniplex*, 270 Va. at 249 (finding that "covenants not to compete have been upheld only when employees are prohibited from competing directly with the former employer or through employment with a direct competitor"); see also *Motion Control Sys. v. East*, 262 Va. 33, 38, 546 S.E.2d 424 (2001) (finding a prohibition on an employee working for "any business similar" to employer's unenforceable because the restricted activities "could include a wide range of enterprises unrelated" to employer's).

Therefore, this Court finds the Non-Competition clause unenforceable as a matter of law.

## B. *The Non-Solicitation Clause*

Similarly, the Non-Solicitation clause in this case fails for overbreadth and ambiguity. The phrase "solicit or induce" conceivably covers situations similar to the allegations of the Complaint where one employee convinces another employee to take a job with a competitor. However, other imaginable scenarios include, but are not limited to, those circumstances in which one employee convinces another to retire early, join the military, or move to another state. A clause of this nature is not narrowly tailored to protect a legitimate business interest and is unenforceable per se.

Therefore, this Court finds that the Non-Solicitation clause is unenforceable as a matter of law.

## Conclusion

Because the Non-Competition and Non-Solicitation clauses are unenforceable as a matter of law, all claims arising from those clauses must be dismissed.

The demurrer to Count I is sustained, and the Count is dismissed with prejudice. The demurrer is also sustained as to Counts II, III, and IV insofar as they rely on the Non-Competition and Non-Solicitation clauses, and the plaintiff is granted leave to amend Counts II, III, and IV within ten days of the entry of the order effectuating the Court ruling herein.