## CIRCUIT COURT OF FAIRFAX COUNTY

Daston Corp.

v.

MiCore Solutions, Inc., et al.

July 30, 2010

Case No. CL-2010-9318

By Judge Michael F. Devine

This matter came before the Court on July 22, 2010, on the Plea in Bar by all of the Defendants. The issue before the Court is whether the Nonsolicitation of Customers and Covenant Not To Compete Clauses that are the subject of this litigation are enforceable. At the conclusion of the hearing, the matter was taken under advisement. For the reasons set forth below, the Court finds that the Nonsolicitation of Customers Clause is enforceable and that the Covenant Not To Compete Clause is not enforceable. Therefore, the Plea in Bar is denied in part and granted in part.

*Background*

As stated in the Complaint, Daston Corporation ("Daston") is a business that provides a range of consulting and information technology services based on NetSuite and Google Apps for cloud computing, which is the provision of user-facing software applications, such as electronic mail, via the Internet rather than through a locally based client-server application delivery model. Daston develops, markets, sells, and manages Google Apps in accordance with a nationwide license from Google. Daston hired Defendant Randall P. Spruill in August 2008 as Managing Director of the Software as a Service ("SaaS") Practice and hired Defendant David Stout in October 2008 as Technical Director of the SaaS Practice. Upon commencing employment with Daston, Mr. Spruill and Mr. Stout signed identical agreements titled Non-Disclosure, Non-Competition/Solicitation and Invention Assignment ("the Employment Agreements"). Mr. Spruill's and Mr. Stout's employment with Daston ended on February 1, 2010, and they are currently employed by Defendant MiCore Solutions, Inc. ("MiCore"), which provides a range of consulting and information technology services based on Google Apps software, as well as other services.

The Nonsolicitation of Customers Clause in the Employment Agreements reads, in relevant part, as follows:

> B. *Nonsolicitation of Customers.* During the Employment Period, and for a period of two years following the termination of Employee's employment. … Employee covenants and agrees that Employee will not, directly or indirectly, solicit, invite, or, by any way, manner, or means, attempt to induce any of Daston's Customers to do business with a Competitor. "Customer" means any government agency, commercial entity, or individual receiving the Services during Employee's employment with Daston; except that where Daston provided Services only to a specific component of the governmental or commercial entity, "Customer" means the specific component of such entity.

The Employment Agreements also contain the following definitions:

> "Competitor" means any firm, person, or entity that provides services or products that are directly competitive with the

Services. The "Services" means those Information Technology, Financial Management, Business Consulting, and other services that are provided by Daston or Employee during the Employment Period or are being researched or developed by Daston with Employee's assistance as of the expiration of the Employment Period.

The Covenant Not To Compete Clause in the Employment Agreements reads as follows:

> C. *Covenant Not To Compete*. Employee hereby agrees that, during the Employment Period and for one year following the termination of the Employment Period, however occurring, Employee will not directly or indirectly, expressly or tacitly, for himself or on behalf of any Competitor, provide Services to any Client[1] to which Employee, or any individual working under the supervision of the Employee, provided substantially similar or related Services during Employee's employment with Daston.

The Employment Agreements further provide as follows:

> D. *Reasonableness of Restrictions*. Employee understands and agrees that, due to the nationwide presence of the Clients, the restrictions of Sections III(B) and (C) [sic] shall be applied nationwide to the extent consistent with the terms of the Agreement. Employee also agrees that Employee's experience and capabilities are such that such restrictions and specific enforcement thereof will not prevent Employee from being able to fully earn a livelihood within the federal government and commercial markets.

In their Plea in Bar, the Defendants argue that the Nonsolicitation and Noncompetition clauses are unenforceable because they are facially overbroad and vague.

---

[1] "Client" is not defined in the Employment Agreements.

*Analysis*

The standards for reviewing a covenant not to compete are well established and not disputed by the parties.

> A non-competition agreement between an employer and an employee will be enforced if the contract is narrowly drawn to protect the employer's legitimate business interest, is not unduly burdensome on the employee's ability to earn a living, and is not against public policy. *Modern Env'ts, Inc. v. Stinnett*, 263 Va. 491, 493, 561 S.E.2d 694, 695 (2002); *Simmons v. Miller*, 261 Va. 561, 580-81, 544 S.E.2d 666, 678 (2001). Because such restrictive covenants are disfavored restraints on trade, the employer bears the burden of proof and any ambiguities in the contract will be construed in favor of the employee. *Id.* at 581, 544 S.E.2d at 678. Each non-competition agreement must be evaluated on its own merits, balancing the provisions of the contract with the circumstances of the businesses and employees involved. *See Modern Env'ts*, 263 Va. at 494-95, 561 S.E.2d at 696.

*Omniplex World Servs. Corp. v. US Investigations Servs.*, 270 Va. 246, 249, 618 S.E.2d 340, 342 (2005). Whether the covenant not to compete is enforceable is a question of law. *Simmons*, 261 Va. at 581, 544 S.E.2d at 678; *Motion Control Sys., Inc. v. East*, 262 Va. 33, 37, 546 S.E.2d 424, 426 (2001). These same standards apply when reviewing non-solicitation agreements. *Foti v. Cook*, 220 Va. 800, 805, 263 S.E.2d 430, 433 (1980).

A. *The Nonsolicitation of Customers Clause*

The Supreme Court of Virginia has held that an employer has a "legitimate business interest" in precluding a former employee who had frequent direct customer contact or substantial knowledge of the employer's confidential information or methods of operation from contacting the employer's customers. *See Paramount Termite Control Co., Inc. v. Rector*, 238 Va. 171, 175, 380 S.E.2d 922, 925 (1989). The Supreme Court of Virginia has consistently upheld restrictions on trade that protect the employer from direct competition by former employees. *E.g. Omniplex World Servs. Corp. v. US Investigations Servs.*, 270 Va. at 249-50, 618 S.E.2d at 342.

In this case, the Nonsolicitation Clause is no broader than necessary to meet Daston's legitimate business interest. The plain language of the clause applies only to a fixed universe of customers, namely those that existed during the employee's term of employment. As part of senior management for Daston, it is reasonable to expect Mr. Spruill and Mr. Stout to know who those customers are. *Cf. Lasership, Inc. v. Watson*, 2009 Va. Cir. LEXIS 64, 79 Va. Cir. 205 (2009) (finding that a nonsolicitation clause that applied to shipping company's customers invoiced in the year before employee left was not enforceable as it imposed an unreasonable burden on the former employee who was the lead dispatcher overseeing hundreds of contractors to know who those customers were). Further, the Nonsolicitation Clause applies only to solicitations for services directly competitive with those provided by Daston or that were under development by Daston with the employee's assistance. Accordingly, the Court finds that the Clause is narrowly drawn to serve Daston's legitimate business interest.

Neither does the Nonsolicitation Clause unduly burden the employee's ability to earn a living. The clause's plain language allows Mr. Spruill and Mr. Stout to solicit customers of Daston to provide them with "Information Technology, Financial Management, Business Consulting, and other services" that do not directly compete with those services provided by Daston. Thus, Mr. Spruill and Mr. Stout may provide information technology services to Daston's customers if those services are based on systems not supported by Daston or were not under development at Daston with their assistance. The Defendants do not claim that the Nonsolicitation Clause violates public policy.

With regard to vagueness, the Court finds that the phrase "directly or indirectly, solicit, invite, or, by any way, manner, or means, attempt to induce" is sufficiently definite to apprise Mr. Spruill and Mr. Stout of the prohibitions on their conduct. The Court also finds that the terms "Customer," "Competitor," and "Services" as defined in the Employment Agreements are not vague.

The fact that the Nonsolicitation Clause applies nationwide does not render it unenforceable. *See ManTech Int'l Corp. v. Analex Corp.*, 75 Va. Cir. 354, 357 (2008) (the lack of a geographic limitation is not in itself fatal to a noncompetition clause.). Daston holds a nationwide license authorizing it to resell Google Apps services, and thus it may protect its legitimate business interest by limiting solicitation of its customers nationwide.

As the Court finds that the Nonsolicitation Clause is not vague, is narrowly drawn to serve Daston's legitimate business interest, and does not preclude Mr. Spruill and Mr. Stout from working in their chosen field, the Nonsolicitation Clause is enforceable. The Plea in Bar as it pertains to the Nonsolicitation Clause is, therefore, overruled.

## B. *The Covenant Not To Compete*

In determining whether this clause is enforceable, a review of the applicable cases to determine which terms have been deemed enforceable or not is unhelpful and confusing. *Compare Simmons v. Miller*, 261 Va. 561, 544 S.E.2d 666 (noncompete clause applying to "any business similar to the type of business conducted by Employer" was overbroad and unenforceable) *and Mantech Int'l Corp. v. Analex Corp.*, 75 Va. Cir. at 357 (the phrase "predominantly similar types of products and/or services" is unenforceable) *with Roanoke Eng'g Sales Co. v. Rosenbaum*, 223 Va. 548, 551, 290 S.E.2d 882, 883 (1982) (noncompete clause that applied to "any business similar to the type of business conducted by [the employer]" was enforceable) *and Lasership, Inc. v. Watson*, 79 Va. Cir. 205, 2009 Va. Cir. LEXIS 664 (2009) (noncompete clause applicable to "substantially similar" products and services is enforceable). This is because language deemed enforceable in a case may be overbroad and unenforceable in a different factual context. Without full consideration of the factual circumstances of each case, the cases seem inconsistent. However, Virginia courts uniformly have enforced such agreements when, in light of the unique facts and circumstances, the contract is narrowly drawn to protect the employer's legitimate business interest, is not unduly burdensome on the employee's ability to earn a living, and is not against public policy. Likewise, Virginia courts have uniformly refused to enforce such agreements when those standards are not met. In each case, a court must apply these well-established standards in light of the case's unique facts.

In this case, the Covenant Not To Compete bars Mr. Spruill and Mr. Stout from providing to any Daston client services that are "substantially similar or related" to services that were provided to that client by Mr. Spruill or Mr. Stout or any Daston Employee working under their supervision. In this case, the Court finds that the phrase "substantially similar or related" renders the clause unenforceable because it is vague and bars not only direct competition with Daston but also the provision of services that are merely "related" to the services provided by Daston. As a

result, the prohibition on Mr. Spruill and Mr. Stout is broader than necessary to protect Daston's legitimate business interest, so the Covenant Not To Compete is not enforceable.

## C. *Severability*

The Employment Agreements contain a severability clause that provides in relevant part as follows:

> C. *Severability.* It is the intention of the Parties that the provisions of the Agreement shall be enforceable to the fullest extent permissible under applicable law, but that unenforceability (or modification to conform to such law) of any provision or provisions of the Agreement shall not render unenforceable, or impair, the remaining provisions of the Agreement. If any provision of the Agreement is held invalid because of its duration, scope of area, or activity, or any other reason, the Parties agree that such provision shall be adjusted, modified, or deleted to the extent necessary to cure that invalidity, and the modified provision shall thereafter be enforceable as if originally stated in the Agreement. ... [I]f any restriction on Employee's activities is determined by a court to be unreasonable, the Parties agree that the court may modify the restriction so as to make it reasonable and enforce the Agreement so modified.

This clause provides for two things in the event a portion of the Employment Agreements is found unenforceable. First, it provides for the severance of the unenforceable provisions of the contract and for the continued effect of the provisions that are enforceable. Second, it provides consent for a court to modify the agreement to make it enforceable. A court's modification of otherwise unenforceable contract terms is commonly known as "blue penciling."

In Virginia, unenforceable provisions may be severed from a contract and the remainder of the contract enforced. *See Reistroffer v. Person*, 247 Va. 45, 439 S.E.2d 376 (1994) (provision regarding attorney's fees was severable). In determining whether contract provisions are severable," the Court looks to the intention of the parties. *Eschner v. Eschner*, 146 Va. 417, 422, 131 S.E. 800 (1926). The parties here specifically intended that the invalidity of a provision of the Employment

Agreements would not prevent enforcement of the remaining provisions. The Court finds, therefore, that the invalidity of the Covenant Not To Compete does not preclude enforcement of the Nonsolicitation of Customers Clause.

The Virginia Supreme Court has not directly addressed the "blue penciling" of restrictive covenants. However, "[i]t is clear from the restrictive covenant jurisprudence in Virginia that judicial reformation of such agreements is discouraged." *Lasership, Inc. v. Watson*, 2009 Va. Cir. LEXIS 64 at *25, 79 Va. Cir. 205 (2009). This Court, likewise, declines the invitation "to become the employer's scrivener" and modify the agreement so that it complies with law. *See Northern Va. Psychiatric Group, P.C. v. Halpern*, 19 Va. Cir. 279, 282 (1990). As a result, the Covenant Not To Compete is overbroad and not enforceable.

## Conclusion

For the reasons set forth above, the Court holds that the Nonsolicitation of Customers Clause is enforceable, and the Defendants' Plea in Bar with respect to this clause is overruled. The Court holds that the Covenant Not To Compete is not enforceable, and, thus, the Defendants' Plea in Bar with respect to this clause is sustained.