Wytheville.

## NEWMAN V. MCCOMB.

### June 8, 1911.

1. ASSUMPSIT—*Instalments of Money—Alimony.*—Where a husband has agreed in writing to make certain monthly payments to his wife in lieu of alimony, pending a suit by her for a divorce, an action of assumpsit will lie upon the agreement to recover the monthly instalments not paid. This is not an action to recover alimony. The declaration, in the case at bar, is sufficient under sections 2852 and 3272 of the Code.

2. APPEAL AND ERROR—*Admitting Improper Evidence—Harmless Error.*—This court will not reverse the judgment of a trial court on account of the improper admission of evidence which was wholly immaterial to the issues involved, and which could not have prejudiced the plaintiff in error.

3. LIMITATION OF ACTIONS—*Pleading Two Limitations—Issue on Pleas—Failure to Demur.—Instructions.*—The five years statute of limitations and not the three years is applicable to an action founded on a contract in writing not under seal. If both statutes are pleaded, the defendant should demur or object to the plea of the three years statute, but if he fails to do so and takes issue on both pleas, it is not error for the trial court to instruct the jury that the five years statute is applicable, and to refuse to instruct on the issue joined on the plea setting up the three years statute.

Error to a judgment of the Circuit Court of Orange county in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Rixey & Hiden, F. C. Moon,* and *John G. Williams,* for the plaintiff in error.

*Grimsley & Miller,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action of assumpsit, based upon two writings, one of which is as follows:

"N. Y. Supreme Court, Kings county.
"Lelia Moore Newman, plaintiff,
v.
Walter George Newman, defendant.

"Whereas the plaintiff has brought the above entitled action against the defendant for an absolute divorce, and said action is now pending in the court above named; and

"Whereas, it is mutually desired that no application should at present be made in open court for an allowance of alimony and counsel fee;

"Now, therefore, it is stipulated and agreed between the plaintiff and defendant, and by and between their respective attorneys herein, that the defendant pay to the plaintiff the sum of fifty dollars ($50.00) per week, as alimony, to begin May 12th, 1902, and continue during the pendency of this action, or until such time as defendant defaults or elects to discontinue such payments for one week or more, then plaintiff to have the right to make a motion for alimony in manner and form as if this stipulation had not been made, except, however, that any allowance made by the court to plaintiff shall only begin from the date that payments herein agreed upon ceased.

"It is further stipulated and agreed that the defendant shall pay to the plaintiff the sum of three hundred and fifty dollars ($350.00) as and for her counsel fee in this action.

"It is further agreed by the parties and attorneys herein that this stipulation is made without prejudice to the rights of either party, and that the same shall not be used upon any motion, or upon the trial of the action.

"Dated, New York, May 29th, 1902."

The other is an agreement between the parties entered
into on the 17th of September, 1902, in reference to their
family differences and property rights, and contains,
among other provisions, the following:

"Seventh. In view of this contract settling all the prop-
erty rights of said parties each party hereto waives all
marital rights in the property of the other, whether said
property has already been acquired or may hereafter be
acquired, and the said Lelia Moore Newman hereby ex-
pressly releases the said W. G. Newman from any demand
for permanent alimony or support, that she may now have
or may hereafter have or acquire, whether by virtue of a
judgment or decree of any court or otherwise, and it is
further expressly stipulated that the temporary alimony
now being paid by W. G. Newman to said Lelia Moore
Newman by reason of a stipulation to that effect in the
above mentioned suit for divorce in New York shall cease
on October 15, 1902, whether said divorce suit be then de-
cided or not, unless the said W. G. Newman take some step
or steps to prevent the said suit being heard before that
time, or take an appeal."

The court is of opinion that the demurrer to the amended
declaration was properly overruled by the trial court.
This is not an action of assumpsit to recover alimony, as
argued, but is an action to recover certain sums in lieu
thereof, which became due and payable under the terms of
the agreements of May 29, 1902, and September 17, 1902.
The declaration, though inartificially drawn, is sufficient
we think under the provisions of sections 2852 and 3272
of the Code.

The court is further of opinion that even if the court
erred in permitting the introduction of oral evidence as to
the proceedings had in the divorce case between the par-
ties in one of the courts of Kings county, State of New
York, it furnishes no sufficient ground for reversing the

judgment complained of, since that evidence was wholly immaterial to the decision of the issues involved, and its admission, as clearly appears, could not have prejudiced the plaintiff in error. *N. & W. Ry. Co.* v. *Birchfield,* 105 Va. 809, 54 S. E. 879.

The court is further of opinion that the court properly refused to instruct the jury that the claim sued for was barred by the statute of limitations, if they believed that the cause of action had occurred more than three years before the institution of this action.

Two pleas of the statute of limitations were filed—one that the demand sued for had accrued more than five years, and the other that it had accrued more than three years, before this action was instituted. The right to recover was founded upon a contract evidenced by writings, and the five years, not the three years, statute of limitations was applicable to the case. Code, sec. 2920.

The court, upon motion of the plaintiff, had so instructed the jury. Since the declaration asserted a demand based upon a promise in writing, the plaintiff ought to have de-murred to or objected to the plea relying upon the three years statute of limitations, instead of taking issue upon it, but since that plea constituted no defense to the action, the court did not err in refusing to instruct upon the issue raised by it.

It would be a strange rule of pleading and practice which would require a court to give an instruction contrary to law and in conflict with one already given upon another and a material issue in the case, because the plaintiff, in-stead of objecting to a plea based upon a ground which furnished no defense, took issue upon it, or after taking issue upon it failed to have it stricken out. See *United States* v. *Dashiel,* 4 Wall. 182, 18 L. Ed. 319; 2 Thomp. on Trials, sec. 2312.

The court is further of opinion that the instructions num-

bered one and two, given upon the motion of the plaintiff, fairly submitted the case to the jury, and that there was no error in refusing any of the instructions offered by the defendant.

The court is further of opinion that the agreement of May 29, 1902, and of September 17, 1902, and the other evidence independent of the oral evidence as to the proceedings had in the divorce case between the parties, pending in Kings county, in the State of New York, fully sustain the verdict of the jury, and that the trial court did not err in refusing the motion of the defendant to set that verdict aside.

The judgment complained of must be affirmed.

*Affirmed.*