**Alexandria**

ARTHUR WILLIAM DOHERTY

v.

LOUISE COOPER DOHERTY

No. 0879-88-4

Decided September 19, 1989

98

COUNSEL

Walter E. Kubitz (Donald S. Litman; Litman Law Offices, Ltd., on brief), for appellant.

Lawrence D. Gaughan (Gaughan & Schargordski; on brief), for appellee.

OPINION

BAKER, J.—In this appeal from a judgment of the Circuit Court of Arlington County (trial court) appellant (husband) asserts that the doctrine of laches, estoppel, and Code § 8.01-246(2) bar appellee (wife) from recovering the full sum due her pursuant to a marital agreement (contract) executed by them and incorporated by reference into a final decree of divorce which ordered the parties to comply with its terms. We disagree with husband's assertion and affirm the judgment of the trial court.

The contract was executed in 1961. Husband filed the divorce suit in 1987 and attached a copy of the contract to his bill of complaint. In his bill husband prayed that the contract be "incorporated in and made a part (of the divorce decree)" when entered. Wife's response to the suit included the same request.[1] Paragraph

---

[1] The trial court could not enter a decree contrary to the terms of the contract. *See* Code § 20-109.

9(b) of the contract identified the sums to be paid for wife's support and maintenance as "monthly alimony payments." At the wife's request and with the consent of husband, the trial court approved the contract in a pendente lite decree, reaffirmed it in the final decree entered on October 20, 1987, and specifically ordered compliance with its terms.

On February 3, 1988, wife filed a petition in the divorce suit seeking arrearages which had accrued under the contract prior to the entry of the final decree. After a hearing, the trial court awarded wife a judgment for arrearages in the sum of $88,820.88.

Valid marital agreements are favored and will be enforced by divorce courts when incorporated in a decree which orders the parties to comply with its terms. *See Cooley v. Cooley*, 220 Va. 749, 263 S.E.2d 49 (1980); *Wallihan v. Hughes*, 196 Va. 117, 82 S.E.2d 553 (1954). Here, the contract was valid and the decree was in accord with the pleadings and request of the parties. When entered, the decree required husband to pay as "alimony" the sums due pursuant to the contract. The husband may not now go behind the judgment of the court and say that a part of the monies he agreed to pay may not be recovered. In several Virginia cases a distinction has been made between marital agreements "approved" in the decree and those which have been incorporated in the decree by reference where the parties have been ordered to comply with its terms. Without the order to comply, the sanction for contempt is not available and the remedy for non-compliance with the contract is by assumpsit in an action at law. *See Shoosmith v. Scott*, 217 Va. 789, 232 S.E.2d 787 (1977); *Durrett v. Durrett*, 204 Va. 59, 129 S.E.2d 50 (1963); *Newman v. McComb*, 112 Va. 408, 71 S.E. 624 (1911). We do not determine here whether husband's pleas in bar would be available in an action brought solely to enforce the contract. In the case before us the contract was merged into the final decree. It is not the contract but rather the decree that is being enforced. The prevailing view is that where the underlying obligation created by the marital agreement is a promise to pay money, the obligation is merged into the decree. *See* 24 Am. Jur. 2d *Divorce and Separation* § 841 (1983).

Where the circumstances are such that the agreement, although incorporated or approved in the decree, is not merged

therein, the parties may enforce it by suing on the agreement rather than on the judgment. Where, however, the circumstances are such that the incorporation of a property settlement in a decree, with directions that the parties perform all its obligations, merges the contract in the decree, the party who desires enforcement must enforce the decree and not the agreement itself.

*Id.* at § 858. Wife elected to bring her action by petition in the divorce suit itself. She sought to enforce the decretal provisions that ordered husband pay her the sums due pursuant to the terms of the contract. Such an action is not subject to the pleas in bar asserted by husband.

◼ The Supreme Court of Virginia repeatedly has held that payments of spousal support must be made according to the terms of the decree. *See, e.g., Richardson v. Moore*, 217 Va. 422, 229 S.E.2d 864 (1976) (where the defendant sought to bar arrearages due pursuant to court ordered spousal support by "asserting laches . . . and a plea of the statute of limitations" the Supreme Court in a per curiam decision, held that those pleas were not available against court ordered support payments);[2] *see also Butler v. Butler*, 221 Va. 1035, 277 S.E.2d 180 (1981). Moreover, the *Richardson* Court enounced the rule that spousal support payments exacted by a divorce decree become vested as they accrue and the trial court is without authority to make any change as to past due installments. *Richardson*, 217 Va. at 424, 229 S.E.2d at 866. Thus, the wife's rights to past due installments became vested on October 20, 1987 when the final decree of divorce ordered the parties to comply with the terms of the marital agreement.

---

[2] Sums due as court ordered spousal support receive special treatment in many instances. For example, accrued spousal support is not a provable debt in bankruptcy. A bankrupt husband cannot be relieved of future payments by the bankruptcy court. *Durrett v. Durrett*, 204 Va. 59, 62, 129 S.E.2d 50, 52 (1963).

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Duff, J., and Hodges, J., concurred.