## CIRCUIT COURT OF WISE COUNTY

Brenda Tankersley

v.

Tommy Tankersley

March 8, 1993

Case No. C92–56

BY JUDGE J. ROBERT STUMP

The issue is contempt for failure to "indemnify" a bankrupted debt per court-ordered contract. The court has considered the file, exhibits, and counsels' briefs and makes the following findings of fact and conclusions of law.

By separation agreement dated July 25, 1991, and signed August 15, 1991, "the husband hereby agrees to be solely responsible for the indebtedness owed to American General Financing and further agrees to indemnify the wife should he default thereon and she be called on for payment."

By final divorce decree entered March 30, 1992, "[t]he court doth approve and confirm the Separation and Property Settlement agreement, heretofore entered on the 15th day of August, 1991, and the court doth Adjudge, Order and Decree that each of the parties hereto comply with said Agreement, which said Agreement consisting of five pages, is attached as Exhibit 'A' hereto and is hereby incorporated by reference and expressly made a part of this decree."

On the same date of the entry of the final divorce decree, March 30, 1992, the husband, Tommy Tankersley, was discharged as a debtor by the U. S. Bankruptcy Judge, which order said, "[a]ll creditors [which included American General Financing but did not include the wife, Brenda Tankersley] are prohibited from attempting to collect any debt that has been discharged in this case."

When he took bankruptcy, husband defaulted on the marital debt owed to American General Financing in the sum of $3,259.55 plus 6% interest. Then American General Financing called on the wife, who did not file bankruptcy, to pay the debt. Since husband did not include wife as one of his creditors in his bankruptcy discharge, she is entitled to require husband to indemnify her pursuant to the ratified agreement enforceable by contempt powers in the final divorce order.

Husband argues that debts incurred in divorce property settlements are dischargeable in bankruptcy and that bankruptcy law is determinative as to whether an agreement provides property settlement. This court rejects those arguments and finds them not applicable here.

The question here is contractual indemnification through court order compliance and the willful contempt thereof for failure to indemnify. This made the wife a potential creditor, but she was not included in husband's bankruptcy discharge of creditors. Therefore, husband must indemnify wife for this debt. The bankruptcy court does not have jurisdiction of this issue.

Bankruptcy principles of law do not apply here. However, if husband had included wife as a creditor in his bankruptcy petition, which he did not do, the indemnification of the debt to wife would have been discharged.

"Valid marital agreements are favored and will be enforced by divorce courts when incorporated in a decree which orders the parties to comply with its terms. *See, Cooley v. Cooley*, 220 Va. 749, 263 S.E.2d 49 (1980); *Wallihan v. Hughes*, 196 Va. 117, 82 S.E. 2d 553 (1954)." *Doherty v. Doherty*, 9 Va. App. 97, 99 (1989).

The court finds willful contempt of the court-ordered agreement by husband and sentences him to 90 days in jail, which is suspended on the condition that he purge his court-ordered contractual obligation to his wife and indemnify her from this debt.

The court also orders that husband pay the sum of $630.13 as wife's attorney's fees for pursuing this contempt action.