COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


KATHERINE C. CAMPBELL
                                              OPINION BY
v.    Record No. 2123-99-1          JUDGE RICHARD S. BRAY
                                              MAY 2, 2000
MICHAEL C. CAMPBELL


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      A. Bonwill Shockley, Judge

               Samuel R. Brown, II (Samuel R. Brown, II,
               P.C., on briefs), for appellant.

               Joseph L. Lyle, Jr. (Kaufman & Canoles, P.C.,
               on brief), for appellee.


     Michael C. Campbell (husband) and Katherine C. Campbell

(wife) were divorced by final decree of the trial court, entered

April 23, 1998, which, inter alia, "affirmed and ratified, and

. . . incorporated" a post-separation "Stipulation Agreement"

(agreement). On July 14, 1999, wife petitioned the court to

"appoint a Special Commissioner," pursuant to Code

§ 20-107.3(K)(3),[1] "to conduct a sale" of property specified in

_____

    [1]    The court shall have the continuing
           authority and jurisdiction to make any
           additional orders necessary to effectuate
           and enforce any order entered pursuant to
           this section, including the authority to:

           *    *    *    *    *    *    *

               3.  Appoint a special commissioner to
           transfer any property under subsection C

the agreement, "so . . . [husband] can satisfy" certain related terms with the resulting proceeds.  Husband responded with a "Demurrer and Motion to Dismiss the . . . Petition," arguing that the parties waived any claim to relief afforded by Code § 20-107.3, including the appointment of a special commissioner in accordance with Code § 20-107.3(K)(3), by express terms of the agreement.

The trial court conducted an <u>ore</u> <u>tenus</u> hearing, considered the argument of counsel, and sustained husband's motion, denying wife an opportunity to present evidence.  Wife appeals, contending that the trial court misinterpreted the agreement and erroneously refused to appoint the special commissioner.  Finding that wife had previously agreed to waive the requested relief, we affirm the disputed order.

I.

In accordance with express terms of the agreement, wife waived "all right, title and interest in . . . Aerosolv," the property in issue, "or any other products . . . in which husband has a direct or indirect interest."  The agreement, however, further provided that "[t]he parties contemplate the sale of Aerosolv . . . on or before March 1, 1997," and required husband

---

where a party refuses to comply with the order of the court to transfer such property[.]

Code § 20-107.3(K)(3).

-

to apply a portion of the resulting proceeds to several specified purposes. Elsewhere in the agreement, the parties covenanted that, "[i]f Aerosolv doesn't sell, Wife shall have the right to terminate the lease" with Katec, Inc., an asset transferred to husband, to certain office premises deeded to wife, and "sell the [office] property, . . . retain[ing] the proceeds . . . as her sole separate property."

With respect to their respective rights and remedies, the parties agreed that:

> each . . . voluntarily, knowingly, intelligently and intentionally waives the right to have the court decree as to the property of the parties, including by way of illustration and not by way of limitation, the right to have the court execute the remedy provided by Code of Virginia, Section 20-107.3 (Virginia's Equitable Distribution law) . . . .[2]

Both, however, reserved the right to pursue enforcement of the agreement "in any court of competent jurisdiction by petition . . . or other procedure compatible with the rules of such tribunal." Once incorporated "into any decree which may be entered in any action between the parties," the terms of the agreement were "to be enforceable in the same manner as any provision of such decree pursuant to Code § 20-109.1 . . .,

---

[2] The preamble to the agreement recited, "before arriving at their bargain, the parties . . . considered Virginia's laws relative to property, equitable distribution . . . and those remedies available to them in the absence of the specific provisions hereof to the contrary."

-

including, without limitation . . . the use of the contempt powers of the court, [and] . . . confinement in jail or the imposition of a fine . . ., notwithstanding the remedies available under the general law . . . in <u>the absence of contract</u>."  (Emphasis added.)

## II.

It is well established that "marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law."  <u>Cooley v. Cooley</u>, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980).  Such "agreements are contracts subject to the same rules of formation, validity, and interpretation as other contracts."  <u>Bergman v. Bergman</u>, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1997) (citing <u>Smith v. Smith</u>, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986)).

> When the terms of a disputed provision are clear and definite, it is axiomatic that they are to be applied according to their ordinary meaning.  Where there is no ambiguity in the terms of a contract, we must construe it as written, and . . . not . . . search for the meaning . . . beyond the pertinent instrument itself.

<u>Smith</u>, 3 Va. App. at 514, 351 S.E.2d at 595-96 (citations omitted).

As acknowledged by the parties in the subject agreement, Code § 20-109.1 authorizes the court to "affirm, ratify and incorporate by reference in its decree dissolving a marriage . . . any valid agreement between the parties, or provisions

-

thereof," which "agreement or provision . . . shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree."  Code § 20-109(C), formerly Code § 20-109, provides that, within limitations not pertinent to the instant appeal, a court may not depart from the terms and conditions of a "stipulation or contract" addressing "support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary."

Code §§ 20-109 and –109.1 are specifically referenced and sanctioned by Code § 20-107.3(I).  Thus,

> it is apparent that the legislature intended
> to impose the same restrictions on a court
> in making an equitable distribution award as
> . . . in making awards of support and
> maintenance.  Specifically, to the extent
> that the parties have already stipulated to
> a particular disposition of their property,
> the court may not decree

inconsistent relief in equitable distribution pursuant to Code § 20-107.3.  Parra v. Parra, 1 Va. App. 118, 128, 336 S.E.2d 157, 162 (1985).  A contrary rule would invite divorce litigants to abandon agreements, favored by "public policy," in pursuit of a "better result from the court."  Id. at 129, 336 S.E.2d at 163.

Here, husband and wife clearly and unequivocally elected to rely upon the agreement to identify and establish their respective interests relative to the separate and marital

-

estates, child custody, support, and a myriad of like issues incident to the marriage. To the exclusion of relief otherwise available, both expressly looked to the agreement, either in contract or as a provision of the decree, to safeguard their respective rights. As a result, the provisions of Code § 20-107.3 are not available to remedy wife's claims arising from the agreement.

Contrary to wife's argument on appeal, adherence to the clear language of the agreement does not "depriv[e] [her] and the . . . child of their rights under the agreement." Once affirmed, ratified and incorporated into the decree of divorce pursuant to Code § 20-109.1, the agreement became, "for all purposes . . . a term of the decree, . . . enforceable in the same manner as any provision of such decree." Code § 20-109.1. Hence, both parties are free to access the equitable powers of the court to enforce the decree, including the terms of the agreement. See, e.g., McLoughlin v. McLoughlin, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970) (court may enforce agreement incorporated into decree through "contempt power"); Mayers v. Mayers, 15 Va. App. 587, 589-90, 425 S.E.2d 808, 809 (1993) (court may order sale of property to enforce divorce decree incorporating agreement); Owney v. Owney, 8 Va. App. 255, 259, 379 S.E.2d 745, 748 (1989) (incorporated agreement enforceable through "contempt power" or otherwise as "binding . . . the parties"); Fry v. Schwarting, 4 Va. App. 173, 178, 355 S.E.2d

-

342, 345 (1987) (incorporated agreement enjoys "full force and effect of a court's decree"); Parra, 1 Va. App. at 129, 336 S.E.2d at 163 (incorporated agreement does not diminish "contractual dignity").

Accordingly, we affirm the order of the trial court, expressly preserving the right of both parties to access the trial court for enforcement of the agreement through the decree, with such relief, if any, as the court may deem appropriate, or to pursue any contractual remedies otherwise available.[3]

Affirmed.

---

[3] We do not construe the disputed order, dismissing the instant petition "with prejudice," as either barring wife from hereafter seeking enforcement of the decree in the trial court or limiting such relief, if any, as the court may then find appropriate after consideration of the issue on the merits.

-