# CIRCUIT COURT OF THE CITY OF ROANOKE

Gregory D. Duff

v.

Vicki R. Duff

October 12, 2001

Case No. CH00-121

BY JUDGE ROBERT P. DOHERTY, JR.

On February 7, 2000, Plaintiff filed his Bill of Complaint for Declaratory Judgment asking that the Court reform a Post-Nuptial Agreement that was incorporated by reference in the final decree of divorce on September 5, 1997. Plaintiff's pleading states that a verbal agreement between the parties requires each of them to pay certain debts, contrary to the terms of the Post-Nuptial Agreement. He states that the agreement was performed monthly through January 1998 and that the contrary provisions of the Post-Nuptial Agreement were a result of a mutual mistake of fact by the parties.

Defendant demurs claiming that the Post-Nuptial Agreement was incorporated by reference into the final divorce decree and, therefore, controversies concerning the Post-Nuptial Agreement can be tried only in the divorce court. In the alternative, Defendant claims that this is a collateral attack on a final decree of divorce and Rule 1:1 of the Rules of the Supreme Court of Virginia prevents such collateral attack on the final divorce decree more than 21 days after its entry. Plaintiff also raises the statute of frauds and argues the Defendant is seeking to reform the contract, an action not properly brought by declaratory judgment. The Court finds in favor of the Defendant.

Upon agreement of the parties, the Court reads the final decree of divorce as part of the Plaintiff's pleading. That decree states in pertinent part that:

the Post-Nuptial Agreement of the parties, with the exception of the terms of the agreement relating to custody, visitation, and support of

the minor child of the parties, are incorporated by reference as part of this Decree and are affirmed and ratified.

That language is covered by the case of *Hering v. Hering*, 33 Va. App. 368, 373 (2000), wherein the Court, quoting from *Fry v. Schwarting*, 4 Va. App. 173, 178 (1987), stated:

> Where ... the circumstances are such that the incorporation of a property settlement in the decree, with directions that the parties perform all of its obligations, merges the contract in the decree, the party who desires enforcement must enforce the decree and not the agreement itself.

The Court finds as a matter of fact that those portions of the original Post-Nuptial Agreement dealing with the payment of antecedent debts were merged in the final decree of divorce. Accordingly, any enforcement, attack, claim for reformation, or any other matter relating to the Post-Nuptial Agreement is solely within the jurisdiction of the divorce court. Va. Code § 20-109.1; *Rubio v. Rubio*, 36 Va. App. 248, 253-54 (2001); *Campbell v. Campbell*, 32 Va. App. 351, 356 (2000); *Rook v. Rook*, 233 Va. 92, 95-96 (1987). For that reason, the Court sustains the Defendant's demurrer. All other issues raised by the Defendant in its pleadings are therefore moot.