COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


KIMBERLY M. MATTINGLY

                                                MEMORANDUM OPINION* BY
v.        Record No. 0424-03-4           JUDGE ROSEMARIE ANNUNZIATA
                                                APRIL 13, 2004
DANIEL T. McCRYSTAL


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane M. Roush, Judge

        Kimberly M. Mattingly, pro se.

        No brief or argument for appellee.


        Kimberly M. Mattingly (wife) appeals an award of attorney's fees to Daniel T. McCrystal

(husband).  The trial court entered the award after wife nonsuited a motion to modify custody.

She argues two grounds in support of her claim that the award must be reversed.  First, she

contends that the award violated her statutory right to take a first nonsuit without penalty.

Second, she argues that the imposition of attorney's fees violated the parties' voluntary

settlement agreement which provided that each party "shall be responsible for his or her counsel

fees."  Mattingly also contends that the trial court exceeded its authority by entering the Written

Statement of Facts filed by husband in response to her proffered Written Statement of Facts to

which he had noted objections.  For the reasons that follow, we reverse.

I.  Background

        The parties were married on January 5, 1991, and they divorced on May 18, 2001.  One

child was born of the marriage.  In accordance with the parties' "Marital Settlement Agreement,"

--------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the divorce affirmed, ratified, and incorporated, but did not merge, the Agreement into the decree.

Under the Agreement, husband had primary physical custody of the child, except for certain stipulated periods of "custodial time" granted to the mother. The Agreement also provided that

> [e]ach of the parties shall be responsible for his or her counsel fees incurred in connection with the negotiation and drafting of this Agreement, as well as any other legal matters heretofore or hereafter pending between the parties; provided, however, that either party shall be entitled to reasonable counsel fees incurred in securing the adherence of the other party to the terms of this agreement.

Wife filed a motion to modify custody on September 4, 2002, in which she claimed a "significant change in circumstances" based on husband's "persistent denial of access to . . . their son and persistent refusal to coordinate custody exchanges at times which are in the best interests of the child." Wife subsequently requested a nonsuit. The trial court entered an order of nonsuit on December 11, 2002. Husband thereafter filed a motion for attorney's fees on December 11, 2002, based on claims that wife "had an insufficient basis to file such a serious motion, nonsuited the motion on the day before the hearing, and has filed several such insufficient motions since the Final Decree of Divorce." The motion was heard on January 16, 2003, and attorney's fees were awarded.[1] This appeal followed.

## II. The Award of Attorney's Fees

Absent an agreement between the parties, the decision to award attorney's fees is left to the sound discretion of the trial court, and an award will be overturned on appeal only if the trial court abused its discretion. Kane v. Szymczak, 41 Va. App. 365, 375, 589 S.E.2d 349, 354

---

[1] The trial court did not expressly identify the grounds upon which it relied in awarding attorney's fees.

(2003). However, the trial court has no authority or discretion to award attorney's fees where the parties have agreed by contract to be responsible for their own fees. The courts "are not at liberty to ignore a contractual provision specifically included by the parties." Hering v. Hering, 33 Va. App. 368, 372, 533 S.E.2d 631, 633 (2000). We review the terms of the contract *de novo*. See Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002).

Wife argues that the trial court had no authority to award attorney's fees because the parties' marital settlement agreement provides that each party "shall be responsible for his or her counsel fees."[2] We agree.

The agreement between the parties clearly states that "each of the parties shall be responsible for his or her counsel fees incurred in . . . any . . . legal matters heretofore or hereafter pending between the parties." The only exception to this rule provides that "either party shall be entitled to reasonable counsel fees incurred in securing the *adherence* of the other party to the terms of this agreement." (Emphasis added). We conclude the exception does not apply for three reasons.

First, there is no evidence in this case from which the court could conclude that husband incurred attorney's fees in order to secure wife's adherence to the terms of the marital settlement agreement. By filing a motion to modify custody, wife was not violating or failing to adhere to the parties' agreement. She was merely exercising her statutory right to seek a modification of the present custody arrangement. See Code § 20-108.

---

[2] Husband argues in his statement of facts that wife did not preserve this argument for appeal because she did not raise the issue at the hearing. However, wife raised the argument in her motion for reconsideration filed within twenty-one days of the trial court's final award decree. Wife's argument relying on the marital settlement agreement is therefore not barred by Rule 5A:18. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991).

- 3 -

Second, we note that husband's motion for attorney's fees was not based on wife's failure to adhere to the terms of the agreement. Rather, husband based his request upon wife's "insufficient motions," the "insubstantial content" of wife's motion to modify custody, and the fact that she nonsuited her motion to modify custody one day before the hearing.[3] In relevant part, husband's motion requesting attorney's fees stated that wife "filed a Motion to Modify Custody, had an insufficient basis to file such a serious motion, non-suited the motion on the day before the hearing, and has filed several such insufficient motions." Because husband's request for attorney's fees before the trial court was not based on an argument that wife failed to adhere to the terms of the agreement, and because he has presented no such argument to this Court, we will not affirm the trial court's award on this ground.

Third, we decline to read the exception in the parties' settlement agreement as encompassing the circumstances of this case, in which wife petitioned for a modification of the custody arrangement. Under such an interpretation, the exception would swallow the general rule. Therefore, we find that the exception in the parties' agreement allowing recovery of counsel fees does not apply to this dispute.

Applying the terms of the parties' agreement to this case, we find that husband is responsible for his own attorney's fees. Virginia favors marital settlement agreements as a means of ending litigation between the parties. Richardson v. Richardson, 10 Va. App. 391, 399, 392 S.E.2d 688, 692 (1990), overruled on other grounds by Flanary v. Milton, 263 Va. 20, 556 S.E.2d 767 (2002). So long as the agreement has been "'entered into by competent parties upon valid consideration for lawful purposes,'" it "'will be enforced unless [its] illegality is clear and certain.'" Parra v. Parra, 1 Va. App. 118, 128, 336 S.E.2d 157, 162 (1985) (quoting Cooley v.

---

[3] Although husband attempted to invoke the sanctions provisions of Code § 8.01-271, the court declined to hear this argument. Husband failed to note an objection to the court's ruling, making any claim based on the statute procedurally defaulted. Rule 5A:18.

- 4 -

<u>Cooley</u>, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980)); <u>see also</u> Code § 20-109.  Because the trial

court entered an award of attorney's fees contrary to the parties' binding contractual agreement,

we find that the court erred in awarding attorney's fees and reverse on that ground.[4]

<u>Reversed.</u>

---

[4] Because we agree that the award of attorney's fees violated the parties' settlement agreement, we need not address wife's alternate argument that an award of attorney's fees, made in conjunction with a first nonsuit, is improper.  We further decline to address wife's final argument that the court erroneously adopted husband's proffered Written Statement of Facts because the case on appeal may be decided without consideration of husband's Written Statement of Facts.  The following are part of the record and constitute a sufficient basis for our review:  (1) wife's pleadings, specifically her motion for reconsideration in which she argues that the parties' marital settlement agreement controls this dispute; (2) the parties' settlement agreement; (3) the court's decree awarding attorney's fees; (4) and all motions made by each party.  Accordingly, wife's challenge on appeal to the trial court's consideration and adoption of husband's Written Statement of Facts need not be addressed.