COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


JAMES EDWARD GREENE

                                                    MEMORANDUM OPINION[*]
v.       Record No. 3031-07-4                          PER CURIAM
                                                        JUNE 3, 2008
SHIRLEY HAYNES GREENE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

(James Edward Greene, *pro se*, on briefs).

(Jay B. Myerson, on brief), for appellee.


James Edward Greene, husband, appeals from a decision of the trial court finding him in

contempt for failure to pay spousal support.  On appeal, husband argues the trial court erred by

finding him in contempt where:  (1) the final divorce decree does not order him to begin making

monthly spousal support payments; and (2) the final divorce decree does not order him to comply

with the terms of the property and custody agreement.  Shirley Haynes Greene, wife, requests an

award of attorney's fees and costs associated with this appeal.  Husband requests an award of costs

associated with the appeal.  Upon reviewing the record and briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                   Background

The parties were divorced by final divorce decree entered on September 30, 1987.  Prior

to entry of the final decree, on July 27, 1987, the parties signed a Property and Custody

Agreement (agreement), which provided in part:  "The Husband shall pay to the Wife monthly

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

$175.00 for the purposes of spousal support, such monthly payments to begin on the first day of the month following the month in which this agreement is signed by the parties, and to continue until the Wife remarries." The divorce decree contained the following provision: "It is further ORDERED ADJUDGED AND DECREED that the terms of the Property and Custody Agreement of the parties dated July 27, 1987, shall be affirmed, ratified, and incorporated, but not merged, into this decree." Furthermore, the divorce decree "ordered that: (8) Spousal support in the amount of $175.00 per month shall be paid by [husband] to [wife]."

In November 2007, wife filed a petition and affidavit for a rule to show cause why husband should not be found in contempt for failure to comply with the final divorce decree by not making the monthly spousal support payments. Wife alleged husband made the monthly spousal support payments through the March 1, 1990 payment, then he stopped making the payments.

The trial court found husband in contempt for failure to make the spousal support payments from April 1, 1990 until December 14, 2007, the date the contempt order was entered. The court also found husband was in arrears for $35,175, plus interest. The trial court awarded wife attorney's fees associated with her motion.

Husband appeals the trial court's decision finding him in contempt.

Analysis

Husband argues the final divorce decree did not order him to begin making spousal support payments on August 1, 1987 as alleged by wife. He contends the only provision in the final decree that addresses spousal support contains no date as to when the payments were to begin. He also argues the final decree did not order him to comply with the terms of the agreement. For these reasons, husband contends the trial court erred by finding him in contempt for failure to pay spousal support.

Code § 20-109.1 provides:

> Any court may affirm, ratify and incorporate by reference in its decree dissolving a marriage . . . any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children or establishing or imposing any other condition or consideration, monetary or nonmonetary.

After a trial court ratifies and incorporates a property settlement agreement into a final decree of divorce, that agreement becomes, "for all purposes . . . a term of the decree, . . . enforceable in the same manner as any provision of such decree." Id.; Campbell v. Campbell, 32 Va. App. 351, 356, 528 S.E.2d 145, 147 (2000). The recognized purpose of Code § 20-109.1 is "to facilitate enforcement of the terms of an incorporated agreement by the contempt power of the court." Morris v. Morris, 216 Va. 457, 459, 219 S.E.2d 864, 866-67 (1975) (citing McLoughlin v. McLoughlin, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970) (court may enforce agreement incorporated into decree through "contempt power")); Fry v. Schwarting, 4 Va. App. 173, 178, 355 S.E.2d 342, 345 (1987) (incorporated agreement enjoys "full force and effect of a court's decree").

Although husband argues the final divorce decree contained no starting date for the spousal support payments, the decree expressly "ordered adjudged and decreed" that the terms of the agreement shall be "affirmed, ratified and incorporated" into the decree. When the court incorporated the agreement into the decree, pursuant to Code § 20-109.1, the spousal support provision of the agreement became a term of the decree. Therefore, the starting date for the spousal support payments was August 1, 1987 as provided in the incorporated agreement. Furthermore, the divorce decree specifically "ordered" that husband pay wife $175 per month in spousal support. Moreover, the record shows that husband paid the spousal support through the

month of March 1990, which belies his argument that the final decree contained no starting date for the award.

Furthermore, the terms of the incorporated agreement are enforceable by the contempt power of the court. Code § 20-109.1; Rodriquez v. Rodriquez, 1 Va. App. 87, 90, 334 S.E.2d 595, 597 (1985) (citing Morris, 216 Va. at 459, 219 S.E.2d at 866-67). See also Smith v. Smith, 41 Va. App. 742, 750, 589 S.E.2d 439, 443 (2003); Herring v. Herring, 33 Va. App. 368, 373, 533 S.E.2d 631, 634 (2000). The trial court determined from the evidence presented at the hearing that husband violated the provision of the agreement that had been incorporated into the final divorce decree by failing to make spousal support payments after March 1, 1990.[1] The evidence supports the trial court's decision that husband was in contempt of the decree.

The trial court awarded wife attorney's fees. In the conclusion section of his opening brief, husband requests that wife not be awarded attorney's fees associated with the trial court proceeding. However, husband did not comply with Rule 5A:20(e); the opening brief does not contain sufficient principles of law, argument, or citation to legal authorities or the record to fully develop this argument. Thus, we need not consider the argument, Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). In Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Supreme Court announced that when a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant, "the Court of Appeals may . . . treat a question presented as

---

[1] Husband also makes an argument that the final decree does not comply with Code § 20-60.3(6). However, husband did not present this argument to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider such an argument *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

waived." In this case, we find husband's failure to comply with Rule 5A:20(e) is significant. Accordingly, the issue is waived.

Wife requests this Court to award her attorney's fees and costs incurred on appeal. <u>See generally</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Husband requests an award of costs associated with the appeal. Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred by wife in this appeal.

Accordingly, the trial court's decision is summarily affirmed.

<u>Affirmed.</u>