COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Humphreys and Millette
Argued at Chesapeake, Virginia


AMY JO RIGGIN CUSTIS

MEMORANDUM OPINION[*] BY
v.      Record No. 2899-07-1      CHIEF JUDGE WALTER S. FELTON, JR.
JUNE 10, 2008

ELVIN RICHARD CUSTIS, III


FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Glen A. Tyler, Judge

Robert G. Turner for appellant.

Carl H. Bundick (Carl H. Bundick, P.C., on brief), for appellee.


Amy Jo Riggin Custis (wife) appeals the trial court's order dismissing a summons for

Elvin Richard Custis, III (husband) to show cause why he should not be held in contempt for

failure to pay a marital debt included in the parties' separation and property settlement agreement

(PSA) which was incorporated into their final decree of divorce pursuant to Code § 20-109.1.

Wife contends that the trial court erred in concluding it lacked authority to enforce payment of

that marital debt through its civil contempt powers. For the reasons that follow, we reverse the

judgment of the trial court, and remand to the trial court for further proceedings consistent with

this opinion.

I.  BACKGROUND

Husband and wife were married on August 10, 1996, in Accomack County. After a brief

ten-month marriage, they separated. In contemplation of divorce, husband and wife entered into a PSA

dividing their marital debts and assets. Among the provisions of the PSA, husband agreed to pay wife

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

$35,000, secured by a promissory note, in consideration for payments made by wife for the benefit of the parties. Husband executed the note providing for the payment of the $35,000 indebtedness to wife in full in 2005. The note was secured by a deed of trust on property owned by husband. The parties' PSA, was "ratified[,] [] affirmed and incorporated in its entirety" into the parties' final decree of divorce.

When husband failed to make payments on the indebtedness consistent with terms of the PSA, the trial court reinstated the case on its docket and issued orders for husband to show cause why he should not be held in contempt for failure to pay the marital debt. After husband made substantial payments on the debt, the show cause orders were dismissed. However, when husband again failed to make payments, wife obtained a default judgment against husband for the unpaid amount on the promissory note plus interest and attorney's fees.

Thereafter, wife asked the trial court to compel payment of the debt through its civil contempt powers. Again, the case was reinstated on the trial court's docket and a show cause order was entered requiring husband to show why he should not be held in civil contempt for failure to comply with the terms of the 1998 final decree of divorce. After hearing the motion on June 13, 2007, the trial court ruled that it was "without authority to enforce a monetary award order through its civil contempt of court powers."

The sole question on appeal is whether the trial court erred in concluding it lacked authority to exercise its civil contempt powers to enforce a monetary award contained in the PSA and incorporated into the parties' final decree of divorce.

## II. ANALYSIS

Code § 20-109.1 provides in pertinent part:

> Any court may affirm, ratify and incorporate by reference in its . . . decree of divorce . . . any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody, and maintenance of their minor children, *or establishing or imposing any other condition or consideration, monetary or*

> *nonmonetary. . . .* Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, *it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree.*

(Emphasis added). We have previously held that when enforcing the terms of a valid agreement under Code § 20-109.1, the trial court may utilize the equitable powers of the court by enforcing the terms of the agreement or by utilizing its contempt powers.[1] See Rogers v. Rogers, 51 Va. App. 261, 273, 656 S.E.2d 436, 442 (2008) ("The 'parties are free to access the equitable powers of the court to enforce the decree, including the terms of the agreement.' A court may [also] enforce its decree by holding non-compliant parties in contempt." (quoting Campbell v. Campbell, 32 Va. App. 351, 356, 528 S.E.2d 145, 147 (2000))); see also, Owney v. Owney, 8 Va. App. 255, 259, 379 S.E.2d 745, 748 (1989) (incorporation of PSA into final decree permits trial court to use contempt power to enforce terms of PSA); Fry v. Schwarting, 4 Va. App. 173, 178, 355 S.E.2d 342, 345 (1987) (PSA incorporated into final decree of divorce is enforceable as decree of the court).

Here, the parties' PSA was "ratified[,] [] affirmed and incorporated in its entirety" into the final decree of divorce. Accordingly, Code § 20-109.1 provides the trial court with the authority to enforce the terms of the PSA incorporated in its decree through its contempt powers. Therefore, we conclude that the trial court had the authority to enforce "its decree[] by holding

---

[1] The method of enforcement available to a party depends on whether the "affirmed, ratified, and incorporated" agreement was also "merged" into the final decree of divorce. If an agreement is affirmed, ratified, and incorporated, but not merged, into the final decree, "'the agreement remain[s] enforceable under either contract law or through the court's contempt power.'" Rubio v. Rubio, 36 Va. App. 248, 253, 549 S.E.2d 610, 613 (2001) (quoting Herring v. Herring, 33 Va. App. 368, 373-74, 533 S.E.2d 631, 634 (2000)). Conversely, where a PSA "merges" into the final decree of divorce, "'the party who desires enforcement must enforce the decree [through the court's contempt powers] and not the agreement itself [using contract principles and remedies].'" Herring, 33 Va. App. at 373, 533 S.E.2d at 634 (quoting Doherty v. Doherty, 9 Va. App. 97, 100, 383 S.E.2d 759, 760 (1989)). Here, the PSA was "ratified[,] [] affirmed and incorporated in its entirety" into the final decree.

[husband, the] non-compliant party[] in contempt [for failing to abide by the terms of the PSA]." Rogers, 51 Va. App. at 273, 656 S.E.2d at 442. Accordingly, we reverse the judgment of the trial court.

## III. CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.