531 S.E.2d 612

**Suzanne M.K. RUBIO**

v.

**Ernesto G. RUBIO.**

**Record No. 2596–99–1.**

Court of Appeals of Virginia.

Aug. 1, 2000.

Linda L. Furman (Linda L. Furman, P.C., on brief), Norfolk, for appellant.

Barry Kantor (Christie & Kantor, on brief), Virginia Beach, for appellee.

Present: WILLIS and HUMPHREYS, JJ., and HODGES, Senior Judge.

WILLIS, Judge.

Suzanne M.K. Rubio contends that the trial court erred in decreasing her spousal support pursuant to Code § 20–109(A). We agree and reverse the judgment of the trial court.

Suzanne and Ernesto Rubio were divorced by final decree entered November 2, 1994, awarding Suzanne Rubio spousal support in the amount of $600 per month. On August 23, 1999, Mr. Rubio sought termination or modification of the spousal support award, on the ground that Ms. Rubio had "been habitually cohabiting with another person in a relationship analogous to marriage for one year or more commencing on or after July 1, 1997. . . ." Code § 20–109(A). Ms. Rubio acknowledged that she had been cohabiting in such a relationship since January, 1997.

The trial court held that Code § 20–109(A) authorized modification of Ms. Rubio's spousal support. Holding that avoid-

ance of a manifest injustice so required, the trial court did not terminate spousal support completely, but, by order entered October 1, 1999, reduced Mr. Rubio's spousal support obligation to $200 per month.

Code § 20-109(A) provides, in pertinent part:

Upon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper. Upon order of the court based upon clear and convincing evidence that the spouse receiving support has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more commencing on or after July 1, 1997, the court may decrease or terminate spousal support and maintenance unless (i) otherwise provided by stipulation or contract or (ii) the spouse receiving support proves by a preponderance of the evidence that termination of such support would constitute a manifest injustice.

Ms. Rubio argues that this provision cannot be applied retroactively to decrees entered before July 1, 1998. We agree.

In 1997, the legislature rewrote Code § 20-109(A), addressing a growing trend of unmarried couples living together as though married. Theretofore, the statute limited termination of spousal support to two circumstances, remarriage of the payee or death of either party. The 1997 amendment authorized modification or termination of spousal support upon proof that the payee "has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more commencing on or after July 1, 1997." *See* Acts 1997, ch. 241.

In 1998, the legislature amended the statute further, inserting the language "the amount or duration of any" in the third line of Code § 20-109(A). *See* Acts 1998, ch. 604. However, the Act did more than amend the statute. It provided "[t]hat § ... 20-109 of the Code of Virginia [is] ... reenacted as follows[.]" By reenacting the statute, the legislature estab-

lished it anew, superseding its prior forms. The 1998 statute, reenacted and established by Acts 1998, ch. 604, is the statute that was in force when Mr. Rubio filed his petition for modification or termination of the spousal support award and when the trial court entered its October 1, 1999 order.

Acts 1998, ch. 604, provided:

2. That the provisions of this Act shall apply only to suits for initial spousal support orders filed on or after July 1, 1998, and suits for modification of spousal support orders arising from suits for initial support orders filed on or after July 1, 1998.

Because the Act, by reenacting and thus establishing the existence of the statute, embraced the statute in its entirety, the quoted limitation upon the application of the Act is a limitation upon the application of the statute. Thus, Code § 20–109(A) applies only to suits falling within the scope of the proviso.

The first clause of the proviso refers to suits filed on or after July 1, 1998, seeking initial spousal support orders. The second clause is more complex, but read in its plain grammatical context, limits application of the statute to modification of spousal support orders entered in suits filed on or after July 1, 1998, seeking initial support orders.

The support order sought to be modified or terminated in this case is a part of the final decree of divorce entered November 2, 1994. Plainly, that order is outside the scope of the operational proviso set forth in Acts 1998, ch. 604. Therefore, the spousal support order was not subject to the operation of Code § 20–109(A).

The judgment of the trial court is reversed, and the petition is ordered dismissed.

*Reversed and dismissed.*