UPON A REHEARING EN BANC
WILLIS, Judge.
By opinion dated August 1, 2000, a panel of this Court reversed the judgment of the trial court and ordered the petition herein dismissed. See Rubio v. Rubio, 33 Va.App. 74, 531 S.E.2d 612 (2000). We stayed the mandate of that decision and granted rehearing en banc. Upon rehearing en banc, we vacate the mandate of the panel decision and withdraw that opinion, but reverse the judgment of the trial court and remand the case for further proceedings.
I. BACKGROUND
Ernesto and Suzanne Rubio were married May 15, 1982. They separated and on June 18, 1993, entered into a Stipulation Agreement, modified on August 23, 1994, providing that Mr. Rubio would pay to Ms. Rubio as spousal support $600 per month until such time as she should remarry or either party should die. The agreement provided:
*251 Q. INCORPORATION AND NON-MERGER
If a temporary, interlocutory or final judgment, order or decree of divorce is rendered in any proceeding between the parties hereto, this Agreement shall be affirmed, ratified and incorporated in such judgment, order or decree, and be enforceable under the general equity powers of the Court. But notwithstanding such incorporation, this Agreement shall not be merged into such decree, but shall in all respects survive the same and be forever binding and conclusive upon the parties and their heirs, executors, administrators, and assigns. Nothing herein shall be construed to prevent the decree or judgment in any such action from incorporation in full.
The parties were divorced by decree entered November 2, 1994, which provided, in pertinent part:
It is further ADJUDGED, ORDERED and DECREED that the Stipulation Agreement between the parties signed June 18, 1993 and the Modification dated August 23, 1994 be, and hereby are, found to be valid agreements, and are hereby ratified, affirmed and incorporated into and made a part of this Decree, and both parties shall comply with all terms and provisions of that Agreement and Modification.
The decree did not state whether the Stipulation Agreement was merged.
On August 23, 1999, Mr. Rubio sought termination or modification of his spousal support obligation on the ground that Ms. Rubio had “been habitually cohabiting with another person in a relationship analogous to marriage for one year or more, commencing on or after July 1, 1997.” See Code § 20-109(A). Ms. Rubio acknowledged that she had been cohabiting in such a relationship since January 1997.
Code § 20-109(A) provides, in pertinent part:
Upon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper. Upon order of the court based *252 upon clear and convincing evidence that the spouse receiving support has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more commencing on or after July 1,1997, the court may decrease or terminate spousal support and maintenance unless (i) otherwise provided by stipulation or contract or (ii) the spouse receiving support proves by a preponderance of the evidence that termination of such support would constitute a manifest injustice.[1]
In 1997, the legislature rewrote Code § 20-109(A) to insert the second sentence. See 1997 Va. Acts, ch. 241.
In 1998, the legislature “amended and reenacted” Code § 20-109(A), adding the words “the amount or duration of any” to the first sentence. See 1998 Va. Acts, ch. 604. The Act specifically provided “[t]hat Section 20-109 of the Code of Virginia [is] ... reenacted as follows.” Id. It further provided “[t]hat the provisions of this Act shall apply only to suits for initial spousal support orders filed on or after July 1, 1998, and suits for modification of spousal support orders arising from suits for initial support orders filed on or after July 1, 1998.” Id.
The panel opinion held that by reenacting the statute, the Act embraced the statute in its entirety and that the quoted limitation upon the application of the Act was a limitation upon the application of the statute. See Rubio, 33 Va.App. at 76-77, 531 S.E.2d at 613-14. Recognizing that the legislature did not intend that result,[2] we vacate that holding.
II. THE STIPULATION AGREEMENT
In Hering v. Hering, 33 Va.App. 368, 373, 533 S.E.2d 631, 633-34 (2000), we said that
*253 [i]f the court accepts the agreement, its decree may merely approve, ratify or affirm the agreement, in whole or in part, without incorporating its provisions into the decree or ordering payment or compliance with its terms. In that situation, the decree merely constitutes judicial approval of a private bilateral contract, and the provisions of the support agreement do not have the full force and effect of a court’s decree and are not enforceable by the court’s contempt powers____
Id. (citations omitted). Under those circumstances, the support obligation is enforceable as a contract.
“ “Where ... the circumstances are such that the incorporation of a property settlement in a decree, with directions that the parties perform all its obligations, merges the contract in the decree, the party who desires enforcement must enforce the decree and not the agreement itself.’ ”
Id. at 373, 533 S.E.2d at 634 (citations omitted). Under those circumstances, the support obligation is enforceable only as a term of the decree.
On the other hand,
“ ‘[wjhere the circumstances are such that the agreement, although incorporated or approved in the decree, is not merged therein, the parties may enforce it by suing on the agreement rather than on the judgment.’ ” "Where ... the agreement was “incorporated but not merged” into the final decree, the agreement remained enforceable under either contract law or through the court’s contempt power.
Id. at 373-74, 533 S.E.2d at 634 (citations omitted).
In Hering, the parties entered into a marital settlement agreement dated February 28, 1995, requiring Mr. Hering to pay spousal support to Ms. Hering. The agreement provided that a court might “affirm, ratify and incorporate” it into a divorce decree but provided further “that this agreement shall survive such incorporation and shall not be merged into any such decree.” The divorce decree, entered March 3, 1995, provided “that the Property Settlement Agreement ... is [ ] ratified, affirmed and incorporated, but not merged, into and *254 made a part of this Final Decree of Divorce.... ” Mr. Hering proved that Ms. Hering had entered into a relationship of cohabitation analogous to marriage for more than one year commencing on or after July 1, 1997. He sought termination of his spousal support obligation pursuant to Code § 20-109(A). Noting that the provision of Code § 20-109(A) upon which Mr. Hering relied became effective July 1, 1997, we approved his concession that if his support obligation to Ms. Hering remained a vested contractual obligation, that obligation could not be impaired by subsequent legislation. Holding that Mr. Hering was not entitled to relief, we said:
[T]he parties’ contract remained enforceable. The parties expressly provided that their agreement was to be “incorporated, but not merged” into any final decree. While ordering the parties to comply with the provision of the agreement, the final decree also expressly provided that the agreement was not merged. [Mr. Hering’s] argument glosses over the effect of the parties’ express provision that the agreement not be merged into the final decree. We are not at liberty to ignore a contractual provision specifically included by the parties.
Our previous decisions and those of the Supreme Court of Virginia draw a distinction among those situations where an agreement is affirmed, where it is incorporated into a decree, or where, as here, the agreement is “affirmed, ratified, incorporated, but not merged” into the final decree.
Id. at 372-73, 533 S.E.2d at 633.
Citing Doherty v. Doherty, 9 Va.App. 97, 383 S.E.2d 759 (1989), Mr. Rubio argues that because the decree of divorce provided that the parties’ agreements “are hereby ratified, affirmed and incorporated into and made a part of this Decree, and both parties shall comply [therewith],” the agreements merged into the decree and his support obligation is enforceable only as a provision of the decree. Such an obligation, he argues, is an ongoing matter of judicial determination, which does not enjoy immunity from abridgment of contract and is subject to subsequent legislation governing the determination of spousal support, specifically the 1997 amendment to Code *255 § 20-109(A). This argument is refuted by the parties’ express agreement and by the terms of the 1994 divorce decree.
The parties specifically agreed and provided that their Stipulation Agreement would not merge into a decree of divorce. The decree, while containing no order of non-merger, does not order merger. Furthermore, the Stipulation Agreement contains an express provision for non-merger, a provision incorporated by reference into the decree. Thus, no merger occurred, and we do not address what effect, if any, merger would have imposed upon Mr. Rubio’s support obligation. That obligation remains an enforceable contract, excluded from the operation of Code § 20-109(A) and insulated by Code § 20-109(C) from judicial alteration.
III. PUBLIC POLICY
Finally, Mr. Rubio argues that the 1997 amendment to Code § 20-109(A) bespeaks the public policy of the Commonwealth, placing cohabitation analogous to marriage, for purposes of spousal support, in the same posture as remarriage, requiring spousal support abatement in the absence of an express contractual provision for non-abatement. See Langley v. Johnson, 27 Va.App. 365, 499 S.E.2d 15 (1998). This argument depends upon giving retroactive effect to the 1997 amendment. Such an effect would accomplish a forbidden impairment of Ms. Rubio’s contractual entitlement to support, see Hering, 33 Va.App. at 375, 533 S.E.2d at 634-35, and would violate Code § 20-109(C) (inhibiting the power of the court to award or consider modification of a decree to the extent that spousal support and maintenance are provided for in an incorporated agreement of the parties).
IV. CONCLUSION
The judgment of the trial court is reversed, and this case is remanded to it for entry of a decree in accordance with the views herein stated.

Reversed and remanded.

. In 2000, the legislature substituted “shall” for "may decrease or” and substituted “be unconscionable” for “constitute a manifest injustice” in subsection (A) of Code § 20-109. See 2000 Va. Acts, ch. 218.

. See 2001 Va. Acts, ch. 720.