COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


RICHARD N. HAMLIN
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1650-00-1              JUDGE WILLIAM H. HODGES
                                              OCTOBER 2, 2001
JANET S. HAMLIN


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                         Jerome James, Judge

              David S. Holland (Moody E. Stallings, Jr.;
              Stallings & Richardson, P.C., on brief), for
              appellant.

              Mary Keating O'Neill (Lisa Ehrich; Pender &
              Coward, P.C., on brief), for appellee.


     Richard Hamlin (husband) contends the trial court erred in

refusing to hear evidence of cohabitation by Janet Hamlin (wife),

where such evidence would have allowed him to terminate spousal

support pursuant to Code § 20-109.  For the reasons that follow,

we affirm.

     On March 22, 1988, the trial court entered a decree awarding

husband and wife a divorce.  In the decree, the trial court

affirmed, ratified and incorporated the parties' "Contract and

Stipulation" dated November 1, 1987 (the agreement).  In paragraph

five of the agreement, husband agreed to pay spousal support.

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

According to the agreement, spousal support will terminate "only upon the death of either party or upon wife's remarriage."

On June 25, 1999, husband petitioned the trial court to terminate spousal support because wife was cohabiting in a relationship analogous to marriage. In its order, the trial court "refused to hear the issue of cohabitation in that the Court finds that neither of the two contingencies for termination [death or remarriage] had, in fact, occurred." The trial court further found "that Code § 20-109 as amended in 1997 does not affect the agreement entered into between the parties in 1987." (Emphasis added).

In 1997, the General Assembly modified Code § 20-109(A) to include the following language:

> Upon order of the court based upon clear and convincing evidence that the spouse receiving support has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more commencing on or after July 1, 1997, the court may decrease or terminate spousal support and maintenance unless (i) otherwise provided by stipulation or contract or (ii) the spouse receiving support proves by a preponderance of the evidence that termination of such support would constitute a manifest injustice.

(Emphasis added). See 1997 Va. Acts, ch. 241.[1]

---

[1] In 2000, the legislature by amendment substituted "shall" for "may decrease or" and substituted "unconscionable" for "constitute a manifest injustice" in subsection (A) of Code § 20-109. See 2000 Va. Acts, ch. 218.

On March 26, 2001, the legislature amended and reenacted Code § 20-109 eliminating the proviso limiting application of

-

The resolution of the issue presented by this appeal is controlled by our recent decision in Hering v. Hering, 33 Va. App. 368, 533 S.E.2d 631 (2000).

In Hering, the parties entered into a marital settlement agreement requiring husband to make monthly support and maintenance payments to wife until wife remarried or until either party died. Id. at 369-70, 533 S.E.2d at 632. The final decree of divorce ratified, affirmed and incorporated the agreement. Id. at 370, 533 S.E.2d at 632. The trial court ruled "that application of Code § 20-109(A) to the parties' contract would constitute an unconstitutional impairment of contract." Id. at 371, 533 S.E.2d at 633. We agreed with the trial court's reasoning and affirmed. See id. at 375, 533 S.E.2d at 634-35.

In Rubio v. Rubio, 36 Va. App. 248, 254-55, 549 S.E.2d 610, 613 (2001) (en banc), we relied on the reasoning in Hering to reverse the trial court's decision to modify husband's spousal support contractual obligation. Like the Herings, the Rubios had entered into a stipulation agreement detailing, inter alia, husband and wife's agreement as to spousal support. See id.

Here, like the parties in Hering and Rubio, husband and wife entered into an agreement providing only for termination of spousal support in the event of wife's remarriage or the death

the cohabitation terminating event to post-July 1, 1998 orders. See 2001 Acts, chs. 720, 725 & 740.

-

of either party.  Husband and wife included no provision terminating spousal support based upon wife's cohabitation.

In denying husband's petition and refusing to hear evidence of cohabitation, the trial court relied on two findings.  First, it found that neither remarriage nor death had occurred to trigger termination of spousal support based on cohabitation.  Then, it ruled that the newly enacted provision of Code § 20-109 relating to cohabitation did "not affect the agreement entered into between the parties in 1987."  (Emphasis added).  Implicit in that finding is the trial court's determination that the agreement was and remains a binding contract not subject to modification by the trial court.  The record supports that finding.  Accordingly, the trial court did not commit error in holding that it was without authority to alter the 1987 contract.  See Hering, 33 Va. App. at 375, 533 S.E.2d at 635 (holding that court is not at liberty to rewrite a contract simply because the contract may appear to reach an unfair result (citing Kaufman v. Kaufman, 7 Va. App. 488, 501, 375 S.E.2d 374, 381 (1988))).

Because the parties' agreement only provided two contingencies upon which support would cease, neither of which had occurred at the time of the hearing, and because the evidence supported the trial court's finding that the agreement remained a valid contract precluding application of Code

-

§ 20-109(A), the trial court did not err in refusing to take evidence on the issue of cohabitation.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

For the reasons I expressed in Rubio v. Rubio, 36 Va. App. 248, 256-60, 549 S.E.2d 610, 614-16 (2001) (en banc) (Benton, J., concurring and dissenting), I would reverse the order and remand for a hearing on the issue of cohabitation and for reconsideration of the husband's petition.